## WALTERS *vs.* COMER & COMPANY.

This case is controlled by the ruling in the case of the *National Bank of Augusta vs. Cunningham*, 75 *Ga.* 366, in which it was held that, where a broker is privy to a wagering contract, and brings the parties together for the very purpose of entering into the illegal agreement, he is *particeps criminis,* and cannot recover for services or losses incurred by himself in forwarding the transaction. Speculations in cotton-futures are such illegal contracts; and where a note and mortgage were given partly for the losses incurred therein, a verdict finding in favor of the mortgagee for the full amount thereof was contrary to law and the evidence.
March 3, 1888.

Cotton Futures.    Contracts.    Brokers.    Promissory Notes.    Mortgages.    Verdict.    Before Judge BOWER. Dougherty Superior Court.    April Term, 1887.

Reported in the decision.

L. ARNHEIM; C. B. WOOTEN, for plaintiff in error.

D. H. POPE, for defendants.

SIMMONS, Justice.

Comer & Co. applied for a rule *nisi* to foreclose a mort-gage against J. W. Walters, wherein they alleged that Walters was indebted to them in the sum of $1,403, with interest and counsel fees. A rule *nisi* was thereupon is-sued by the court, calling on Walters to show cause by the next term of the court why the rule should not be made absolute. Walters filed a special plea, wherein he alleged that, except as to $228.89, the mortgage and the note the mortgage was given to secure, the foundation of the plain-tiff's action, are illegal and void in this, to-wit: That the same were given to said plaintiffs to make good and pay the losses, to-wit, the sum of $1,009.70, which the plaintiffs claimed to have sustained in a certain wagering, illegal and void contract or transaction between plaintiffs and de-fendant for the purchase of cotton by the defendant, with the intention and understanding, by both the plaintiffs and the defendant, that said cotton was not to be delivered to or received by the defendant. Into the consideration thereof no skill and labor or expense entered, but, the de-fendant avers, both parties were aware that the transac-tion was a mere speculation upon chances, and was what is commonly known as the purchase of " cotton futures "; the same being the purchase of 100 bales for the month of March, on which the plaintiffs claimed a loss of $347.20, and 100 bales for the month of August, on which plain-tiffs claimed a loss of $662 50; making the sum of $1,-009.70, as a part of the consideration of said note and mortgage; to the extent whereof, the defendant alleged that said consideration, note and mortgage, were illegal and void.

The defendant amended his plea, and alleged that he telegraphed to the plaintiffs that he desired to buy 200 bales of cotton futures; that he advanced no money, nor was he called on to advance any, nor did the plaintiffs, by his request or ratification, as his agents in said trans-

action, advance any money.  He says that the plaintiffs negotiated with other parties for said futures, and that he dealt with the plaintiffs in their own name and on their own responsibility, and with them alone, and as principals and not as agents.  Upon the trial of the case, the jury, under the charge of the court, returned a verdict for the plaintiffs for the full amount, principal, interest and costs. The defendant made a motion for a new trial, upon the various grounds set out in the motion, which was over-ruled by the court, and the defendant excepted.

One of the grounds of the motion for a new trial is, that the jury found contrary to law and to the evidence.  The evidence in this case discloses the fact that Walters ordered Comer & Co. to buy him 200 bales of cotton, 100 for March and 100 for August.  Comer & Co. through their agents in New York, bought in their own name the 200 bales.  It appears that $1,009.70 was lost upon the cotton, which loss was charged by Comer & Co. to Walters upon their books.  Walters testifies that at the time he ordered the cotton bought, he had the money in the hands of Comer & Co. to pay them ; that it was a speculation in chances; that the cotton was not delivered to him by Comer & Co.  Comer & Co. admit all this; that it was a purchase of what is known as cotton futures, and that the losses occurred as set out in their account.

We think the court erred in refusing to grant a new trial in this case, under the rule laid down in *National Bank of Augusta vs. Cunningham,* 75 *Ga.* 366.  It is there held that, " where a broker is privy to a wagering contract, and brings the parties together for the very purpose of entering into the illegal agreement, he is *particeps criminis,* and cannot recover for services or losses incurred by himself in forwarding the transaction."  Comer & Co. claimed to be the agents of Walters in making this contract, and that they expended and paid these losses for him.  Walters denies that he ever authorized them to pay the losses. Even if he did, Comer & Co., under the ruling in the case

above cited, could not recover, because the contract was illegal and void under the laws of Georgia. This being our view of the case, it is unnecessary to notice the other grounds of the motion for a new trial. We think the court erred in not granting a new trial upon this ground, that the verdict was contrary to law and the evidence.

Judgment reversed.