## LAWTON *v.* BLITCH.

<div style="float:right">83  663<br>113  530</div>

1. In a suit upon a promissory note payable to S and purchased after maturity by the plaintiff, the defendant could introduce in evidence so much of the account current between him and S for the year in which the note was made and due, as he regarded necessary to his defence. If the balance of the account was material and would aid the plaintiff, he could himself introduce it.
2. The general rule that the oldest lien or the oldest item in an account will be first paid, upon the presumption that such was the fair intention of the parties, was applicable to the facts.
3. Losses sustained by buying or selling "futures" cannot be recovered in a court of law.

November 11, 1889.

Promissory notes.  Evidence.  Accounts.  Charge of court.  Futures.  Before Judge HINES.  Bulloch superior court.  April term, 1889.

Reported in the decison.

DENMARK & ADAMS and DELL & WADE, for plaintiff.

T. H. POTTER, for defendant.

SIMMONS, Justice.

Lawton sued Blitch on a promissory note the title to which he obtained after it was due, dated August 2, 1879, and due November 1st, 1879, for $1,110.07 principal, with interest and attorney's fees.  The defendant pleaded the general issue, and for special plea he pleaded that on the 4th of November, 1879, he paid the full amount due on the note to Stubbs, the payee and holder of the same.  The jury found for the defendant, and the plaintiff moved for a new trial.

1. The main ground relied on before us for reversal of the judgment of the court below was the 4th ground. That ground is, in substance, that during the progress of the trial, the defendant introduced in evidence an

account current for the year 1879 between him and Stubbs, the original payee of the note. Collins, a witness for the defendant, testified that the account thus introduced was only a part of the account between the parties ; whereupon the plaintiff moved the court to withdraw from the consideration of the jury the part of the account thus introduced. The court refused the motion, and the plaintiff makes that refusal the 4th ground of his motion for a new trial.

We do not think that the court erred in the ruling complained of. We think the defendant had a right under the law to introduce so much only of the account as in his opinion made out his defence ; that he was not compelled to introduce the whole account between him and Stubbs. If the balance of the account was material and would serve to aid the plaintiff in making out his case, he had a right to introduce it himself, and not compel the defendant to introduce it. Without elaborating this point further, we content ourselves with citing the authorities upon this point cited in the case of *Jones* v. *Grantham*, 80 *Ga.* 477.

2. The next ground relied on is the 5th, which complains that the court charged that the general rule of law is, that the oldest lien and the oldest item in an account will be first paid, the presumption being that such was the fair intention of the parties. The error complained of was, that this charge was not applicable to the facts of the case. It is claimed that when this note fell due, the defendant applied to Stubbs for leave to draw on him at sight in favor of two parties for $2,600.80, and that Stubbs, after looking over his books, gave him permission to draw the drafts, and that defendant did draw and Stubbs accepted and paid them, and that the drawing of these drafts was an appropriation by the defendant of the balance due at that time by Stubbs. We have examined the account between

Stubbs and the defendant set out in the record, and we find that at the time these drafts were drawn, there was a sufficient balance in the hands of Stubbs to pay the drafts and the note also. It appears from these accounts that upon the day this note was due, the defendant was debited to the extent of $9,045.19, including the note sued on, and that he was credited with $11,701.25, which left a balance of $2,656.06 in Stubbs' hands belonging to the defendant. On the 4th and 5th of November, the two drafts were drawn, amounting to $2,600.80, which still left a balance in Stubbs' hands of $55.26. So it appears that the charge of the court was applicable to the facts of the case, and that if Stubbs had complied with the law thus announced, the note was paid.

3. But it is argued that the defendent failed to take up his note at the time it was due, if it had been paid off, and that they had other and further dealings during that year, and that the account shows that the defendant was indebted to Stubbs at the end of the year $522.31. The defendant denies this, and claims that one item of $675 charged to him in that account is illegal, because the account states it was for "losses in futures"; and striking this item from the account, he claims it would appear that he is not indebted to Stubbs in any amount. We agree with him in this contention. Under our law, the losses sustained by the buying or selling of what is commonly called futures cannot be recovered in a court of law. *Walters* v. *Comer*, 79 *Ga.* 796; *Bank* v. *Cunningham*, 75 *Ga.* 366, and cases cited.

*Judgment affirmed.*