## PARKS *v.* OSKAMP, NOLTING & COMPANY.

1. Where one sold to another on credit two bills of merchandise on different days in two consecutive months of the same year, the presumption, in the absence of any proof to the contrary, was that the demand arising upon the two sales constituted one entire and indivisible account in favor of the seller against the purchaser; and this being so, the former could not divide the same into two separate accounts predicated respectively upon the two sales, so as to bring actions thereon within the jurisdiction of a justice's court.

2. Where two such actions were brought and a plea in abatement for want of jurisdiction was filed, the burden of proof was upon the plaintiff to show that the two alleged accounts were not one and the same account, but that they arose upon distinct and separate transactions.

February 29, 1896.

*Certiorari.* Before Judge Callaway. Richmond superior court. April term, 1895.

*S. F. Garlington,* for plaintiff in error.

*F. W. Capers,* contra.

Simmons, Chief Justice.

Two suits were brought by Oskamp, Nolting & Co. against Parks in a magistrate's court, one upon an open account for merchandise sold to the defendant on April 28, 1893, and the other for $40.39 for merchandise sold to him on May 1, 1893. The defendant entered in each case a plea to the jurisdiction, averring that the two actions were on one and the same account, that the plaintiffs had unlawfully divided the same, that the sum exceeded $100 and was beyond the jurisdiction of the magistrate's court, and that the superior court of Richmond county had jurisdiction. In support of the pleas the defendant put in evidence the two statements of account. The pleas were overruled and judgments rendered in favor of the plaintiffs, upon testimony that the defendant had admitted his indebtedness to them in the amount sued for in each action. The defendant took the case by *certiorari* to the superior court, alleging that the magistrate erred in "dismissing" the pleas to the jurisdiction and giving judgment in favor of the plaintiffs. The *certiorari* was overruled, and the defendant excepted.

Where sales of merchandise are made at different times by one person to another, and credit extended therefor, the question whether the several items are to be considered as a single running account, or whether they are to be treated as forming separate accounts, so that separate actions may be maintained thereon, is one of agreement or understanding, express or implied, to be determined by the ordinary mode of business or by direct agreement of the parties. Where no such agreement or understanding appears, the whole should be treated as constituting an entire

and indivisible account, the presumption in such cases being "that an agreement existed in pursuance of which the plaintiff, for a definite period of time or at the will of both parties, was to furnish goods, . . and that the amount due under the agreement should constitute but one cause of action." "Generally where a creditor seeks to recover two or more judgments for items of indebtedness due him when the first action was brought, he must show some reason why such indebtednesss should be treated as divisible." 1 Freeman, Judgments, §239, and cases cited. Certainly this is so where the sales are by a merchant to a customer, and consist of two bills of merchandise sold within three days of each other, as was the case here. It does not appear from the evidence in the record that there was any agreement that the two bills should be treated as separate accounts, and nothing appears from which such an agreement can be inferred. It follows that the court below erred in overruling the *certiorari.*                    *Judgment reversed.*