## MOSS *v.* EXCHANGE BANK OF MACON.

A contract for the purchase and sale of "cotton futures" is a gaming contract, and therefore illegal and contrary to public policy. This being so, neither such a contract nor the loss or gain resulting therefrom can be invoked to measure the damages sustained by a party thereto in consequence of the failure or refusal of a bank· to comply with its agreement to advance to him money which he intended to use as a "margin" in conducting a speculation in such "futures." In so far as the decision of this court in the case of *Western Union Telegraph Co.* v. *Blanchard, Williams & Co.*, 68 *Ga.* 299, conflicts with what is above laid down, it is, upon a formal review thereof, overruled.

Argued January 31, — Decided March 2, 1898.

Action for damages. Before Judge Felton. Bibb superior court. April term, 1897.

*Dessau, Bartlett & Ellis*, for plaintiff.
*Bacon, Miller & Brunson*, for defendant.

LUMPKIN, P. J. The plaintiff in error, Moss, excepted to the sustaining of a demurrer filed by the Exchange Bank of Macon to a petition he had brought against it for the recovery of damages. It appears from the allegations of this petition, that Moss had deposited with the bank certain collaterals upon the faith of which it had agreed to honor a draft which he contemplated instructing Robinson & Co., of New York, to draw upon it; and an examination of all the averments of the petition leaves no room for doubt that the proceeds of this draft were intended by Moss to be used by Robinson & Co., as his brokers, in keeping up "margins" upon a contract which he had made for the purchase of "cotton futures." According to the petition,

the draft thus arranged for was drawn by Robinson & Co. upon the bank and duly presented, but, in violation of its promise, the bank failed to pay the same, and as a consequence the plaintiff's cotton contract was sold out, and he lost a specified sum. The only question for determination is, whether or not, under these circumstances, Moss was entitled to recover this sum from the bank. This, it will be observed, is not a case where a bank refused to honor the check or draft of a customer who had on deposit funds with which to meet the same. It is really a case where a bank failed to perform its contract to lend or advance money which was to be used in a speculation in "futures." If the decision of this court in the case of *Western Union Telegraph Co. v. Blanchard, Williams & Co.*, 68 *Ga.* 299, lays down the true law of the question now involved, the right of the plaintiff to a recovery would be established. That decision, however, is not, in our opinion, sound. In *Cunningham v. National Bank of Augusta*, 71 *Ga.* 400, this court held: "Contracts for the purchase and sale of cotton futures are gaming contracts. They are immoral, illegal and contrary to public policy; and all evidences of debt executed on such consideration are void in the hands of any person, even though it be a bona fide purchaser before due and without notice." This doctrine was reaffirmed in the same case in 75 *Ga.* 366; and to the same effect, see *Walters v. Comer & Co.*, 79 *Ga.* 796. The decision in the case first above cited was not formally reviewed and overruled in any of the other cases mentioned, but in *Cothran & Co. v. Western Union Telegraph Co.*, 83 *Ga.* 25, this court held: "Contracts for fictitious or option 'futures,' made in Georgia, being illegal, whether between principal and principal, or broker and principal, where both parties are in complicity touching the unlawful purpose, such contracts, or the loss or gain resulting from them, can not be invoked to measure the damages sustained by the sender of a telegram in consequence of a mistake made by the company in transmitting the message." In delivering the opinion, Chief Justice Bleckley remarked that since the case in 75 *Ga.*, the principle of *Blanchard's* case had stood "virtually overruled." In the present case, we granted permission to review the decision in

68 *Ga.*, and, after consideration, the same is now definitely and distinctly overruled.

In view of the other cases above cited, and upon which, as correct enunciations of the law, we now stand, there is, we think, no occasion for a further discussion of our reasons for declining to adhere to the doctrine laid down in 68 *Ga.* As far as our opportunities for investigation have extended, it is now no longer open to serious question that contracts for speculation in "futures" are illegal and incapable of enforcement; and we are fully satisfied, both upon principle and authority, that neither the loss nor gain resulting therefrom can be invoked to measure damages occasioned by the failure or refusal of one not directly concerned in the speculation to comply with an executory contract to advance money to be used in furtherance of an unlawful transaction of this character.

*Judgment affirmed.    All the Justices concurring.*