## MURRAY v. WILLIAMS.

A physician who has failed to register in compliance with the provisions of the Political Code, §§ 1479, 1480, can not recover for professional services rendered by him.

Submitted October 6,—Decided October 15, 1904.

Certiorari. Before Judge Cann. Chatham superior court. April 30, 1904.

*W. A. Way, A. S. Way,* and *G. E. Bevans,* for plaintiff in error. *W. F. Slater,* contra.

FISH, P. J. The only question presented by the record in this case for adjudication is, whether a physician who has registered, as required by the statute, in the county of his former residence in this State can, after his removal into another county in the State, to reside and practice his profession, recover for professional services rendered by him in the latter county before he has registered therein. "Every person lawfully engaged in the practice of medicine within this State, before commencing to practice, shall

register in the office of the clerk of the superior court of the county wherein he resides and is practicing, or intends to commence the practice of medicine, in a book to be kept for the purpose by said clerk, his name, residence, and place of birth, together with his authority for practicing medicine, as prescribed in [Chapter 4 of the Political Code]. The person so registering shall subscribe or verify, by oath or affirmation, before a person duly qualified to administer oaths under the laws of this State, an affidavit containing such facts, and whether such authority is by diploma or license, and the date of the same, and by whom granted, which shall be exhibited to the county clerk before the applicant shall be allowed to register. The county clerk shall receive a fee of fifty cents for each registration, to be paid by the person so registering." Pol. Code, § 1479. "Any such registered physician in this State, who may change his residence from one county into another county in this State, shall register within the clerk's office of the county to which he removes and wherein he intends to reside and to practice medicine, as provided in the preceding section." Pol. Code, § 1480. " Any person who shall fail to register, or who shall practice medicine or surgery in violation of the provisions of the Civil Code, shall be guilty of a misdemeanor." Penal Code, § 485. These sections of the code are intended to protect the public against incompetent and unqualified practitioners of medicine, and not for raising revenue, and are, therefore, prohibitory. One who practices medicine without having registered as the code requires can not recover for his services. Clark on Contracts (2d ed.), § 153. " Even where there is no express provision that the contract for remuneration for services rendered by an unlicensed physician shall be void, still if the statute imposes a penalty for practicing without having obtained a license, or without having complied with other statutory provisions, the courts will apply the prohibition, and a recovery can not be had for professional services rendered." 22 Am. & Eng. Enc. L. 795. See, in this connection, *Conley* v. *Sims*, 71 *Ga.* 161, and cit. The learned judge who had the case before him on certiorari decided contrary to the views herein expressed, and his judgment must, therefore, be

                         *Reversed. All the Justices concur.*