PADGETT *v.* SILVER LAKE PARK CORPORATION *et al.*

No. 6890. July 11, 1929.

*Ralph Williams* and *Jones, Evins, Powers & Jones,* for plaintiff. *Troutman & Troutman, John O. Owen,* and *J. Wightman Bowden,* for defendants.

HILL, J. The Court of Appeals requested instruction from the Supreme Court upon the following question, a determination of which is necessary for a decision of this case: "Since the passage by the General Assembly of Georgia of the act of 1925, approved August 14, 1925 (Ga. L. 1925, p. 325), is a person acting as a real-estate broker in the County of Fulton, who has failed to obtain a license from the Georgia real-estate commission, as required by that act, precluded by such failure from recovering compensation under a contract for services rendered in procuring a sale of real estate?" The single question involved is the construction of the act of 1925, supra, as amended by the act of 1927 (Ga. L. 1927, p. 307), and whether under those acts a person who attempts to act as a real-estate broker in Fulton County, without having procured a license as required by the act of 1925, is entitled to recover a commission for services rendered in procuring a sale of real estate.

Section 1 of the act of 1925 makes it "unlawful for any person, firm, partnership association, copartnership, or corporation, whether operating under an assumed name or otherwise, to engage in the business or capacity, either directly or indirectly, of a real-estate broker, or real-estate salesman, within any county in this State having a population of 44,195 or more according to the U. S.

Census of 1920, or any future census, without first obtaining a license under the provisions of this act. Licenses shall be granted only to persons who are trustworthy and bear a good reputation for honesty and fair dealing, and are competent to transact the business of a real-estate broker, or real-estate salesman, in such a manner as to safeguard the interests of the public, and only after satisfactory proof thereof has been presented to the Georgia real-estate commission." In section 7(d) of the act the commission is authorized to require information to enable it "to determine the trustworthiness of the applicant, including each member of the copartnership, or each officer of the corporation, as to their competency to transact the business of a real-estate broker, or salesman, in such manner as to safeguard the interests of the public." And section 18 of the act provides that any person acting as a real-estate broker or real-estate salesman, within the meaning of the act, without a license shall be guilty of a misdemeanor, and upon conviction thereof, if a person, shall be punished as prescribed in section 1065 of the Penal Code of Georgia of 1910. This court will take judicial cognizance of the fact that Fulton County has a population of more than 44,195 according to the U. S. census of 1920.

We are of the opinion that the purpose of the act of 1925, as amended by the act of 1927, supra, was to regulate and license real-estate salesmen in counties having a population of 44,195 or more, according to the U. S. census of 1920, and that the act was not intended merely to raise revenue for the State of Georgia. It may be conceded that if the act of 1925 as amended is one merely for the purpose of raising revenue, the fact that the license fee is not paid and the salesman or broker is not licensed by the Georgia real-estate commission, as required by the act, will not defeat a real-estate broker or salesman in an action to recover his commission. *Toole* v. *Wiregrass Development Co.*, 142 *Ga.* 57, 65 (82 S. E. 514) ; *Loyd* v. *Pollitt*, 144 *Ga.* 91 (86 S. E. 233). In the *Toole* case it was said: "It is nowhere provided that a failure to pay the tax, or to procure the license and register, renders any contract made by the real-estate dealer in violation of the act void. The penalty for a violation of the act is against the person of the agent, and not against his act. For a violation of the act he is to be punished as for a misdemeanor, which is merely

a means of enforcing the payment of the tax againt the defaulter, but the statute does not specifically, or by necessary implication, make contracts of sale between a dealer in real estate violating the statute and third persons ·void because of a failure to pay the tax. The act nowhere declares that such contracts shall be void; and unless it does so expressly or by necessary implication, under the weight of authority the contracts are valid and enforceable." The judgment in that case was concurred in by all six Justices, and is authority for the proposition that where the purpose of the act is merely to raise revenue for the State, the fact that a license is not obtained and the fee paid will not defeat a real-estate salesman in an action to recover his commission, unless the statute so declares. But, on the contrary, if a statute is passed which is not merely a revenue measure but is enacted for the purpose of regulating the business of real-estate brokers or salesmen, the failure to procure a license will prevent the recovery for services rendered. Thus it was decided in the case of *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686), where this court held that a physician who had failed to register in compliance with the provisions of the Political Code of 1895, §§ 1479, 1480 (Penal Code, § 485) could not recover for professional services rendered by him. In delivering the opinion of the court in that case Mr. Presiding Justice Fish said: "These sections of the code are intended to protect the public against incompetent and unqualified practitioners of medicine, and not for raising revenue, and are therefore prohibitory. One who practices medicine without having registered as the code requires can not recover for his services. Clark on Contracts (2d ed.), § 153. 'Even if there is no express provision that the contract for remuneration for services rendered by an unlicensed physician shall be void, still if the statute imposes a penalty for practicing without having obtained a license, or without having complied · with other statutory provisions, the courts will apply the prohibition, and a recovery can not be had for professional services rendered.' " (Citing authorities.)

We are of the opinion that the legislature in passing the acts of 1925 and 1927 did so for the purpose "to safeguard the interests of the public;" and to license only those "persons who are trustworthy and bear a good reputation for honesty and fair dealing, and are competent to transact the business of a real-estate broker,

or real-estate salesman." We are also of the opinion that the acts under review were not passed merely as measures for the purpose of raising revenue. See, in this connection, *Friedman* v. *Mizell,* 164 *Ga.* 1, bottom of page 6 (137 S. E. 400). The foregoing view has been applied in other jurisdictions dealing with similar statutes. In 4 R. C. L. 302, it is stated as follows: "Of course, if the particular statute or ordinance declares that the calling of a broker 'shall not be lawful,' or 'shall not be pursued or done,' without a license, unlicensed acts of brokerage are clearly prohibited, and there can be no recovery. Moreover, it is generally conceded that there is an implied inhibition against engaging in the calling without a license, where the object of the license law is to protect the public by insuring honesty and good behavior of brokers. Consequently, where a statute or ordinance has been enacted for such a purpose, there can be no recovery if a license was not procured prior to the rendition of the services sued for." See also note in 12 L. R. A. (N. S.) 615. In 37 C. J. 261, it is said: "In accordance with the rules considered above, where a statute or ordinance, either expressly or by implication, as a police regulation, prohibits a person from engaging in a business or calling without a license, or paying a license tax, or vitiates contracts made by such a person, an unlicensed person can not recover for services performed under a contract made in the course of such a business or calling." So, we are of the opinion that the legislature intended, in passing the acts of 1925 and 1927, to create a Georgia real-estate commission which would investigate each and every person applying for a license as a corporation or individual as a real-estate broker or salesman, and look into the fitness of such applicant for license in respect to his character, reputation, and experience, in order to ascertain whether or not from such investigation the applicant is of good character, competent, and trustworthy, and, if so, to grant him a license to sell real estate; and, if after investigation this commission should find to the contrary, that it would deny such person a license if he was found incompetent or untrustworthy; and that being so, it can not be held that these acts were intended to raise revenue merely for the support of the government. If a salesman has carried on his business as such without having paid the license fee and procured the license as required, his acts are unlawful under the act, and he can not recover compensation un-

der a contract for services rendered in procuring a sale of real estate. The question propounded by the Court of Appeals must therefore be answered in the affirmative.

*All the Justices concur.*