### 22762.  DUNN & McCARTHY INCORPORATED *v.* PINKSTON.

STEPHENS, J.  1. A declaration in attachment filed in the trade name of the plaintiff was not void because the attachment itself was sued out in the name of the individual trading under the alleged trade name appearing in the declaration.

2. A petition brought in the trade name of a plaintiff is amendable by

alleging the true name of the plaintiff doing business under the alleged trade name.

3. Where from time to time a manufacturer has sold and delivered the manufactured product in wholesale lots to one retail dealer in a designated territory, under an agreement to give him the exclusive handling of the product in that territory, and where the dealer specially advertises the goods and recommends them to the trade as the goods of the manufacturer, there arises a contract between the parties by which the manufacturer has given to the dealer, during the period within which they do business with each other, the exclusive handling of the manufacturer's goods of the character sold within the designated territory. Where there is a universal custom among the trade that where a manufacturer has given a retail dealer the exclusive handling of the manufacturer's product within a designated territory, the manufacturer can not, in the absence of any fault of the dealer, take away from him the exclusive handling of the manufacturer's product within the territory, and refuse to make further sales to him, without giving him reasonable notice of such contemplated change, the custom becomes part of a contract by which the manufacturer has given to the dealer the exclusive handling of the manufacturer's product within the territory. Civil Code (1910), § 1 (4). Where the manufacturer arbitrarily, in the absence of any fault of the dealer, and without notice, refuses to make further sales of its product to the dealer, discontinues the relationship, and selects another dealer in the territory to handle the product within the territory, there arises a cause of action in the dealer against the manufacturer, for damages for a breach of the contract. Although the contract may not be in writing, it is, when executed by one side and accepted by the other in accordance with the contract, not unenforceable under the statute of frauds. Civil Code (1910), § 3223.

4. The petition was not subject to the objection that the allegations therein were mere conclusions of the pleader, or that by amendment damages determinable by a different measure and in a larger amount were asked for. The petition set out a cause of action for a breach of a contract giving to the plaintiff as a retail merchant the exclusive handling, within a designated territory, of shoes manufactured and sold by the defendant and known as the "Enna Jettick shoe," the alleged breach consisting in the arbitrary refusal of the defendant, without fault of the plaintiff, to make further sales of shoes to the plaintiff, and the selection of another dealer within the territory, without giving to the plaintiff reasonable notice of the defendant's intention to terminate the exclusive sale contract with the plaintiff, to the damage of the plaintiff in the difference between the value of the stock of goods on hand and bought from the defendant under the contract, before the alleged breach, and the value of the goods afterwards. The court did not err in overruling the demurrer and in allowing the amendment to the petition.

5. Where a person does business under a trade name, without having filed with the clerk of the superior court of the county an affidavit setting forth his full name as the true owner of the business, as required by the act approved August 15, 1929 (Ga. L. 1929, p. 233), which by the act is made a misdemeanor, he is not, for this reason, prevented from institut-

ing and maintaining a suit in the courts as respects all matters whatsoever. If a violation of this act would prevent the person violating it from bringing and maintaining a suit for a breach of a contract to which he is a party, and which was made while he was doing business in violation of the act, an amendment to the defendant's plea, in a suit filed by a person doing business under a trade name without having registered as required, to recover for a breach of a contract, which alleges that the plaintiff, because he has not registered as required by the act, "is not entitled to sue and recover on any matters whatever," where it does not appear that the contract sued on was made while he was doing business in violation of the act, fails to set out a defense, and is properly stricken.

6. A contract establishes the rights between the contracting parties; and to enable one of the parties to recover for inconvenience or other damage suffered as a result of a breach of the contract, it is not necessary that the contract shall expressly provide for such recovery. Where it appeared from the evidence that the plaintiff had suffered damage because of the defendant's breach of the contract in refusing to make further sales to the plaintiff and in designating another dealer within the territory to handle exclusively the defendant's goods, without giving the plaintiff reasonable notice of the defendant's intention, although the contract contained no provision that such reasonable notice was required for the purpose of giving the plaintiff time and opportunity to fill in the stock of goods on hand with such sizes as to enable him, before the termination of the relationship, to work off the stock to advantage, yet it being alleged in the petition that the plaintiff, as a result of the breach of the contract, was damaged in this respect, and there being evidence in support of this allegation, it was not error for the court to submit to the jury the right of the plaintiff to recover for damage thus sustained.

7. The custom among the trade, that, where a manufacturer of goods has given the exclusive sale of his goods at retail to a designated dealer within designated territory, the manufacturer can not terminate the contract without giving reasonable notice to the dealer, is not contradictory to the terms of the contract; and where the custom is of such universal practice as to justify the conclusion that it became by implication a part of the contract, it must be treated as a part of the contract. The evidence authorized the jury to find that there was such a custom, that it was not indefinite and uncertain, and that it became by implication a part of the contract. The court therefore did not err in submitting to the jury a consideration of the question whether there was such a custom and whether it became a part of the contract.

8. Where the issues made by the pleading and the evidence authorized the inference that the plaintiff suffered damage as a result of the alleged breach of the contract, measured by the difference in value of the stock on hand before the breach and its value after the breach, a charge of the court which instructed the jury that the plaintiff would be entitled to recover damages measured by this rule was authorized, and was not error on the ground that the court instructed the jury to apply an incorrect rule for measuring the damage.

9. The court properly submitted the issues made by the pleadings and the evidence. The evidence authorized the verdict for the plaintiff, and no error appears.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 15, 1933.  REHEARING DENIED SEPTEMBER 30, 1933.

*R. L. Maynard,* for plaintiff in error.
*James A. Fort, John A. Fort,* contra.