DUNN & McCARTHY INCORPORATED *v.* PINKSTON.

No. 10023.   MAY 24, 1934.   REHEARING DENIED JUNE 16, 1934.

*R. L. Maynard,* for plaintiff in error.
*James A. Fort* and *John A. Fort,* contra.

GILBERT, J.   James A. Pinkston Jr., trading in the name of Pinkston Company, sued out an attachment against Dunn & McCarthy Inc. This was levied by service of garnishment. Pinkston Company in due time filed a declaration based upon the attachment. The basis of the cause of action alleged in the declaration is that for three or four years petitioner had, under an exclusive-sale contract for the City of Americus, handled the line of shoes manufactured by the defendant; that the defendant, without notice to petitioner, wrongfully breached the contract, sold and delivered shoes to another firm in Americus, and refused to sell shoes

to petitioner; that at the time of the breach of the contract by de-. fendant, petitioner had on hand a stock of these shoes for which it had paid defendant $1527.45; that, because of the inability of petitioner to procure from the defendant additional shoes with which to fill in sizes, the value of the stock which it had on hand at the time of the breach of the contract was only $430; that the acts of the defendant violated a custom of the trade of such universal practice as to justify the conclusion that it became by implication a part of the contract, to wit: "That where an exclusive sale contract exists between a buyer and a seller or manufacturer of certain goods, and the buyer stocks such goods, advertises the same, and places the reputation and good will of the buyer behind such goods in offering them for sale, it is a universal practice, known to the trade, that the seller or manufacturer desiring to change accounts, through no fault of the buyer, shall not arbitrarily and without notice breach such contract, but shall before making such change in accounts give reasonable notice of such contemplated change to said buyer." Demurrers to the petition were overruled, and the defendant excepted pendente lite. The answer of the defendant, alleging non-compliance by the plaintiff with the act of August 15, 1929 (Ga. L. 1929, p. 233), was demurred to by the petitioner. This demurrer was sustained, and the defendant excepted pendente lite. There was a verdict and judgment for the plaintiff for $667.45. Motion of the defendant for a new trial was overruled. Upon writ of error the rulings and judgment of the trial court were affirmed. *Dunn & McCarthy Inc.* v. *Pinkston,* 47 *Ga. App.* 514 (170 S. E. 922), where the nature of the demurrers and the grounds of the motion for new trial appear.

One assignment of error in the petition for certiorari is that the suit was brought illegally and without authority, because Pinkston Company, or James A. Pinkston using the trade-name of Pinkston Company, is not registered as provided by the laws of Georgia (Ga. Laws 1929, p. 233), by filing and registering the name and address of the person interested in said fictitious or trade-name of Pinkston Company with the clerk of the superior court of Sumter County.

■ The motion to dismiss the writ of certiorari is denied.

■ An act approved August 15, 1929 (Ga. Laws 1929, p. 233), provides that "it shall be unlawful for any person, persons, or partnership to carry on, conduct, or transact any business in this State

under an assumed, fictitious, or trade-name, or under any other designation, name, or style, other than the real name or names of the individual or individuals conducting or transacting such business, unless said person, persons, or partnership shall file, in the office of the clerk of the superior court in each county in which said person, persons, or partnership shall maintain an office or place of business, an affidavit signed by said person or persons, setting forth the full name or names and the address or addresses of the true owner or owners of said business." Section 2 of this act provides: "Any person, persons, or partnership now conducting a business under an assumed, fictitious, or trade-name shall file such affidavit within thirty days after this act shall take effect, and any person, persons, or partnership acquiring or hereafter undertaking to conduct a business under an assumed, fictitious, or trade-name shall file said affidavit before doing any business under such assumed, fictitious, or trade-name; and whenever there is any change of ownership of a business conducted under any assumed, fictitious, or trade-name, an affidavit as herein provided for shall be filed, showing the full name or names and address or addresses of the new owner or owners of such business." Section 5 provides: "Any violation of this act shall be a misdemeanor, and upon conviction the offender shall be punished as for a misdemeanor." The petitioner was doing business under the trade-name of "Pinkston Company" when the act was approved on August 15, 1929. This suit was filed on September 2, 1930, and according to the allegations of the petition it appears that the alleged contract or sales agreement between the parties was breached by the defendant, Dunn & McCarthy Inc., on or about June 9, 1930. The petitioner, under the above-cited act of 1929, had thirty days after August 15, 1929, the date of its approval, to wit until September 14, in which to register as required by the act. The defendant duly pleaded non-compliance with this statute. Under the principles announced in *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686), and *Padgett* v. *Silver Lake Park Cor.,* 168 *Ga.* 759 (149 S. E. 180), it was error to strike the plea.

Assuming that the facts relied on by the plaintiff were sufficient to show a contract, the nature of the obligations alleged to have been breached were such that the plaintiff could not recover for such breach, where he had not complied with the act requiring

registration of the trade-name under which he dealt with the defendant. Notwithstanding the alleged contract was made before the enactment of the law in question and the breach occurred afterwards, the contract was executory, and the alleged breach consisted in the failure of the defendant, a wholesale dealer in an article of merchandise, to continue selling its product to the plaintiff for resale by retail to the consuming public. The defendant. was not required to continue selling its product for resale by the plaintiff, when the business conducted by him, including the resale of such product, was carried on in violation of the law. The Court of Appeals erred in affirming the judgment sustaining the demurrer to the plea. This ruling controls the entire case, and it is not necessary to decide other questions raised in the petition for the writ of certiorari.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness.*