## 24701. CONSTITUTION PUBLISHING COMPANY *v.* LYON.

DECIDED JANUARY 27, 1936.

*A. M. Hitz, Howell & Post,* for plaintiff.

*McDuffie & Richardson, Watkins, Grant & Watkins,* for defendant.

JENKINS, P. J. 1. "The following meanings shall be given to the following words in all statutes, unless a different meaning is apparent from the context: . . *Person* includes a corporation." Code of 1933, § 102-103. The trade-name registration

act of 1929 (Ga. L. 1929, p. 233), embodied in the Code of 1933 as sections 106-301 to 106-304, inclusive, provides: "It shall be unlawful for any person, persons, or partnership to carry on, conduct, or transact any business in this State under an assumed, fictitious, or trade-name, or under any other designation, name, or style, other than the real name or names of the individual or individuals conducting or transacting such business, unless said person, persons, or partnership shall file, in the office of the clerk of the superior court in each county in which said person, persons, or partnership shall maintain an office or place of business, an affidavit signed by said person or persons, setting forth the full name or names and the address or addresses of the true owner or owners of said business." Section 106-302 requires that "any person, persons, or partnership conducting a business under an assumed, fictitious, or trade-name shall file such affidavit before doing any business under such assumed, fictitious, or trade-name," and "whenever there is any change of ownership of" such a business. Section 106-304, declares that "Nothing in this chapter is to be construed to affect or apply to any corporation duly organized under the laws of this State or any foreign corporation legally doing business in this State under its corporate name." Under the foregoing rule of construction, the words, "person, persons," "individual, or individuals," as used in these sections must be held to include a corporation, since such a meaning is not nullified by the context of the act or the exception therein contained. The manifest legislative purpose being to make it unlawful to conduct any business "under an assumed, fictitious, or trade-name," or in any name other than the real name, the natural and rational construction of the exception relating to corporations is merely that the act does not affect or apply to a corporation, domestic or foreign, when it is "legally doing business in this State under its corporate name." Where such a corporation, however, transacts business in a trade-name or a name or style other than its true corporate name, it is amenable to the requirements and prohibitions of the act the same as others.

2. The petition showing that the transaction for which the defendant was sued on open account was *made with* "Southern Engraving Company," in which name the account was billed and the suit was brought, and the amendment, while entitling the

action in the name of "Constitution Publishing Company, *doing business as Southern Engraving Company*," also alleging that "Southern Engraving Company is a trade-name under which Constitution Publishing Company, a corporation, does business," and the uncontroverted evidence supporting the defendant's plea in bar that the transaction in question was made with the plaintiff doing business under its undisputed trade-name, and showing that the plaintiff had not registered such name as required by the act of 1929 until after the filing of the suit, the judge, trying the case without a jury, did not err in sustaining the plea, and in denying a new trial. The purpose of the act being generally for the protection of the public with the prohibitions and penalties prescribed (Code § 106-9906), the fact that the transaction was entirely innocent, without fraud or injury to the defendant, and with full knowledge on his part that the principal in the transaction was the plaintiff, even though it was then using its trade-name, would not except the plaintiff from application of the statute as pleaded. See *Padgett* v. *Silver Lake Park Corporation,* 168 *Ga.* 759 (149 S. E. 180) ; *Dunn & McCarthy Inc.* v. *Pinkston,* 179 *Ga.* 31 (175 S. E. 4) ; *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686) ; *Conley* v. *Sims,* 71 *Ga.* 161; Fruin-Colnon Contracting Co. v. Chatterton, 146 Ky. 504 (143 S. W. 6).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*