24817. MOBLEY *v.* BAILEY *et al.*

DECIDED FEBRUARY 7, 1936.

*P. Z. Geer,* for plaintiffs in error.
*J. A. Drake, S. M. Watson,* contra.

MACINTYRE, J. "South Georgia Motors, a partnership composed of E. T. Bailey and C. H. Taylor," brought trover against Elizabeth Mobley, to recover an automobile. By her answer the defendant put the plaintiff on proof of every allegation of the petition, and pleaded in substance that she had paid $100 on the purchase-price of the automobile; that the plaintiff had a contract retaining title to the automobile; that the trover action "constituted in law a rescission of the contract," and the plaintiff was bound to restore to the defendant said $100; and that the "plaintiff has no right or authority to maintain the suit, . . nor to recover therein." This answer was amended by averring in effect, that, because of the failure of the partnership to comply with the act of 1929 (Ga. L. 1929, p. 233; Code of 1933, § 106-301), "the plaintiff has no right either to maintain its action or to recover thereon." The court directed a verdict for the defendant. The plaintiff moved for a new trial, which was granted, and the defendant excepted.

The act approved August 15, 1929 (just cited) declares that "it shall be unlawful for any person, persons, or partnership to carry on, conduct, or transact any business in this State under an assumed, fictitious, or trade-name, or under any other designation, name, or style, other than the real name or names of the

individual or individuals conducting or transacting such business, unless said person, persons, or partnership shall file, in the office of the clerk of the superior court in each county in which said person, persons, or partnership shall maintain an office or place of business, an affidavit signed by said person or persons, setting forth the full name or names and the address or addresses of the true owner or owners of said business." The act requires the clerk to keep an alphabetical index of all such affidavits so filed, both index and file to be open to public inspection. "Any violation of this act shall be a misdemeanor, and upon conviction the offender shall be punished as for a misdemeanor." Code, § 106-9906.

E. T. Bailey testified in effect that the contract was originally for $266, which had been reduced by a payment of $50; that before suit was filed "we made demand on Mrs. Mobley for the surrender of this automobile on several occasions, and she refused to give the car or pay the money;" that "South Georgia Motors was a trade-name or fictitious name under which E. T. Bailey and C. H. Taylor did business in 1933;" that South Georgia Motors was "dealing in new and used automobiles and selling them;" and that the reasonable value of that automobile for rent or hire was $1 per day. The plaintiff introduced in evidence the contract retaining title to the automobile, which named "South Georgia Motors" as the "seller," and provided that "title to said car shall remain in seller until all amounts due hereunder are fully paid." The defendant introduced evidence that the plaintiff had failed to comply with the requirements of the act of 1929, and that the automobile was worth about $200 when suit was brought, and about $10 a month for rent.

We deem it unnecessary to set out the evidence in full, because the controlling question presented by all the grounds of the motion for a new trial is the effect of the failure of the members of "South Georgia Motors" to comply with the requirements of the act of 1929; the evidence being conclusive and uncontradicted that when the sale was made, the retention-title contract taken, and the action instituted, there had been an entire failure on the part of the plaintiff to comply with that act. In *Dunn & McCarthy Inc.* v. *Pinkston*, 179 *Ga.* 31 (175 S. E. 4), "James A. Pinkston, trading in the name of Pinkston Company," sued out an attachment against Dunn & McCarthy Inc. The declaration averred in substance that

the defendant had damaged the petitioner by breaching its sale contract giving to the plaintiff the exclusive right to sell the defendant's shoes in Americus. The answer alleged non-compliance with the act of 1929. The judge sustained a demurrer to the answer, and this court affirmed that ruling. *Dunn & McCarthy Inc.* v. *Pinkston,* 47 *Ga. App.* 514 (170 S. E. 922). In a petition to the Supreme Court for certiorari one of the assignments of error was that "the suit was brought illegally and without authority, because Pinkston Company, or James A. Pinkston using the trade-name of Pinkston Company, is not registered as provided by the laws of Georgia . . by filing and registering the name and address of the person interested in said fictitious or trade-name of Pinkston Company with the clerk of the superior court of Sumter County." In reversing the judgment of this court, the Supreme Court said: "The defendant duly pleaded non-compliance with this statute. Under the principles announced in *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686)*,* and *Padgett* v. *Silver Lake Park Cor.,* 168 *Ga.* 759 (149 S. E. 180), it was error to strike the plea. . . Assuming that the facts relied on by the plaintiff were sufficient to show a contract, the nature of the obligations alleged to have been breached were such that the plaintiff could not recover for such breach, where he had not complied with the act requiring registration of the trade-name under which he dealt with the defendant." In their brief counsel for the defendant in error agree that "if a person trading under a fictitious name sells merchandise on credit without reserving title, . . there can be no recovery for the value of the same," but they say that "this case is entirely different." It is true that the *Pinkston* case differs on its facts from the case at bar; but in principle we think it is controlling. Our view is that the judge erred in granting the motion for a new trial.

*Judgment reversed.* *Broyles, C. J., and Guerry, J., concur.*

GUERRY, J., concurring specially. Under the decisions of the Supreme Court cited in the opinion, I concur in the judgment of reversal. In my opinion, under the act no contract made in a fictitious name, which has not been recorded in compliance with the act, is enforceable, and the retention of the title in this case necessarily depending on the contract, an action in trover will not lie in favor of the South Georgia Motors, a fictitious unre-

corded trade-name. I think, however, E. T. Bailey and C. H. Taylor who were the partners composing this firm, irrespective of any name they might call the firm, were the owners and holders of the automobile sold to the defendant; and irrespective of any contract, but under an implied assumpsit, where the defendant is in possession of property belonging to the plaintiffs, for which she has not paid the fair market value, an action will lie in favor of the plaintiffs against the defendant for such fair market value. The sale, by the partners, of an automobile to the defendant is not an illegal transaction. If no contract had been entered into between the parties, and the defendant is in possession of an automobile belonging to the partners, she is legally bound to pay the reasonable market price therefor. Not having complied with the law as to registration, the fictitious name had no legal standing, and a suit brought in such name or under a contract given in such fictitious name falls. All rights of the plaintiffs are not destroyed, but they are relegated to their action under an implied assumpsit.