## 25517. CARTER v. SOLOMON.

BROYLES, C. J. 1. A plea in abatement is a plea "which goes to *abate* the plaintiff's action, that is, to suspend or put it off for the present;" while a plea in bar is one "which goes to *bar* the plaintiff's action; that is, to defeat it absolutely and entirely." Black's Law Dictionary, 901, and cit.

2. Under the provisions of the trade-name registration act of 1929 (Ga. L. 1929, p. 233), embodied in the Code, §§ 106-301-106-304, and the rulings thereon of the Supreme Court and this court, where a person or corporation brings suit for services rendered or work done, the defendant, in his answer or amended answer, can set up, as a complete defense to the suit, the fact that the plaintiff has violated the provisions of said act. The defendant is not obliged to raise such defense by plea in bar, but he has the privilege of doing so (see *Constitution Publishing Co.* v. *Lyon,* 52 *Ga. App.* 434 (183 S. E. 653)); and in no event could a plea setting up such defense be termed a plea in abatement, or a dilatory plea. Whatever may have been held in other jurisdictions, the appellate courts of this State have unequivocally ruled that where the transaction was with the plaintiff doing business under his trade-name, and he had not registered that name, as required by the act cited above, until after the filing of the suit, the entire transaction is illegal and void, and he can not recover. This is true although "the transaction was innocent, without fraud or injury, and with the defendant's knowledge that the plaintiff was the real party although using its trade-name." *Dunn & McCarthy Inc.* v. *Pinkston,* 179 *Ga.* 31 (175 S. E. 4); *Prater* v. *Larabee Co.,* 180 *Ga.* 581 (180 S. E. 235); *Constitution Publishing Co.* v. *Lyon,* supra; *Mobley* v. *Bailey,* 52 *Ga. App.* 578 (184 S. E. 417).

3. Under the foregoing rulings and the facts of the instant case, the trial magistrate erred in striking the amendment to the defendant's answer; and the judge of the superior court erred in overruling the defendant's certiorari. *Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 14, 1936.

*Ulmer & Dowell,* for plaintiff in error. *Edgar R. Terry,* contra.