25808. GOWER *v.* OZMER.

Decided December 17, 1936.

R. B. Lambert, for plaintiff in error.

Clifford Hendrix, Hendrix & Buchanan, contra.

Jenkins, P. J.  In February, 1936, the plaintiff, doing business under a trade-name, sued on an open account for a balance of $696.73, for merchandise sold and delivered.  The defendant pleaded that the plaintiff "has not registered the trade-name under which this suit is brought as required by law, so as to be in the legal position of enforcing any contract."  Under the agreed facts, the trade-name was registered on May 2, 1935.  There was a running open account beginning October 15, 1934, and extending to February 1, 1936.  The sales to the date of the registration amounted to $1186.15, and the sales thereafter to $1340.21.  From the beginning of the account to the date of registration the debtor made payments amounting to $620.47, leaving a balance at that time of $565.68.  Thereafter he made payments amounting to $1209.16.  He gave no direction as to how any payment should be applied.  The creditor applied the payments first to the oldest invoices, thus extinguishing all items which antedated the registration.  He contends that, this being a proper application, he is entitled to recover the entire balance sued for.  The defendant contends that the plaintiff had no legal right to apply any of the payments to illegal items incurred before the registration; that the plaintiff can recover nothing, because the account was entire and indivisible, so that the illegality of the part incurred before the registration rendered the subsequent part illegal; and that even if the contract were properly separable into legal and illegal parts, the plaintiff would be entitled to recover only the $131.05 difference between the amount of sales and the amount of payments made during the legal period after the registration.  The judge, trying the case without a jury, rendered judgment in favor of plaintiff for the full amount sued for, and interest.

1.  The Code, §§ 106-301 et seq., 106-9906, makes it unlawful for any person or persons to conduct or transact any business under a trade-name, unless such name, with the name and address

of the true owner or owners, is registered with the clerk of the superior court in the manner provided, and, in the absence of such registration, precludes any suit by the owner with reference to such illegal business. *Dunn & McCarthy Inc.* v. *Pinkston*, 179 *Ga.* 31 (175 S. E. 4) ; *Prater* v. *Larabee Flour Mills Co.*, 180 *Ga.* 581 (180 S. E. 235) ; *Mobley* v. *Bailey*, 52 *Ga. App.* 578 (184 S. E. 417) ; *Constitution Publishing Co.* v. *Lyon*, 52 *Ga. App.* 434 (183 S. E. 653).

2. Under the Code, § 20-1006, where a debtor fails to direct to which one of several claims or demands the creditor shall apply a payment, "the creditor has the right to appropriate at his election;" and generally "the oldest . . item in an account will be first paid, the presumption of law being that such is the fair intention of the parties." *Lawton* v. *Blitch*, 83 *Ga.* 663 (2) (10 S. E. 353) ; *Massell Realty Co.* v. *Chamberlin*, 47 *Ga. App.* 718 (171 S. E. 311). Under this general rule, in the absence of direction by a debtor, the creditor may apply a payment as he pleases; he may even apply payments made on a running account covering several years to items which otherwise would be barred by the statute of limitations. *Hobbs* v. *Crawford*, 4 *Ga. App.* 585 (62 S. E. 157) ; *Youmans* v. *Moore*, 11 *Ga. App.* 66 (74 S. E. 710), and cit. But, although there is some difference among the authorities as to whether a creditor may thus apply a payment to a claim which is merely unenforceable or malum prohibitum, the great weight of authority is that he can not apply a payment on a claim which is based on a malum in se, the contracting of which the law prohibits and penalizes. See *McLendon* v. *Frost*, 57 *Ga.* 448 (13), 450; *Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (3) (82 S. E. 588) ; 48 C. J. 650, § 98, and cit.; 21 R. C. L. 93, § 98, and cit.; Armour Packing Co. *v.* Vinegar Bend Lumber Co., 149 Ala. 205 (42 S. E. 866, 13 Ann. Cas. 951), and note. Accordingly, since the plaintiff in this case did not register his trade-name until a date during the running of the open account, and the items incurred before such registration were illegal, he had no legal right, notwithstanding the absence of direction by the debtor, to apply payments made after the registration to the extinguishment of the illegal oldest items, when there were legal items to which the payments might have been applied. He was therefore not entitled to $565.68, which he applied on the illegal

items, and which he should have applied on the legal items owing at the time such payments were made.

3. "A contract to do an . . illegal thing is void. If the contract be severable, that which is legal will not be annuled by that which is illegal." Code, §§ 20-501, 20-112. "The contract of sale may be entire or divisible. If entire, a failure in part shall void the whole; if divisible, the voidance shall be only in proportion and to the extent of the failure. The intention of the parties determines the question of entirety or divisibility." Code, § 96-112. The burden is on the party attacking the legality of a contract, or a portion thereof, to show that it is illegal. While it is true, under the Code, §§ 20-1401, and 24-1002, that, in order to avoid the needless harassing of a debtor with unnecessary suits, an ordinary running open account will be deemed prima facie an entire and indivisible account or demand, which can not be split into several causes of action for the purpose of reducing the separate amounts to justice-court jurisdiction, unless the debtor consents to such a division expressly, or impliedly by failing to present a proper and timely plea or objection as to the jurisdiction (*Parks* v. *Oskamp,* 97 *Ga.* 802, 25 S. E. 369; *McDonald* v. *Tison,* 94 *Ga.* 549, 20 S. E. 427; *Johnson* v. *Klassett,* 9 *Ga. App.* 733, 736, 72 S. E. 174), yet this rule has no application to the legality or illegality of contracts, so as to render prima facie illegal an entire running open account, composed of several contractual transactions during a period of years, merely for the reason that the evidence shows that certain older items of the account were illegal because the trade-name of the plaintiff was not registered before they were contracted, where the evidence also shows that the remaining items were legally contracted after due registration by the plaintiff, who then for the first time was authorized to make valid contracts. Especially would the burden fall on the defendant debtor to show that there was only one entire illegal contract, which was made before the registration, where there was no question of jurisdiction involved under any splitting of the demands, and where the defendant merely pleaded, contrary to the undisputed evidence, that there was a total failure to register the trade-name *at any time* so as to place the plaintiff "in the legal position of *enforcing* any contract." Accordingly, although the plaintiff was not entitled to apply the payments to the extinguish-

ment of the prior illegal rather than the subsisting subsequent legal items, so as to entitle him to recover all of the unpaid items, he was nevertheless entitled to recover $131.05, which was the difference between the sales and the payments made while he was legally doing business after registration of his trade-name. The judgment is affirmed on condition that the plaintiff write off his recovery all except this legal amount and interest thereon; otherwise the judgment is reversed. On rehearing, heretofore granted, the original judgment of affirmance is thus modified.

*Judgment affirmed on condition.* *Stephens and Sutton, JJ., concur.*