26020. WEST *et al. v.* FRICK COMPANY.

DECIDED APRIL 7, 1937. REHEARING DENIED JUNE 17, 1937.

*Burriss & Dillard,* for plaintiffs.
*Hendrix & Buchanan,* for defendant.

BROYLES, C. J. Earnest C. West, Fred G. West, and J. H.

West, doing business as West Brothers Sheet Metal Works, brought suit in the municipal court of Atlanta on an open account against Frick Company, a corporation. By amendment the plaintiffs alleged "that they had not filed the affidavit referred to in the act approved August 15, 1929, regarding the use of trade-names, which act is now set out in sections 106-301, 106-302, and 106-304 of the 1933 Code of the State of Georgia, at the time the agreement was made upon which the above-styled suit is based nor had they filed the affidavit at the said time suit was instituted." The account sued on and which is attached to and made a part of the petition, is dated December 24, 1934. The defendant demurred to the petition as amended, on the ground that it showed that the account sued on was contracted more than thirty days after August 15, 1929 (the date of the act relative to trade-names), and that the plaintiff had not complied with the provisions of said act, "and that the plaintiff is therefore not entitled to recover on said alleged contract or account." The judge sustained the demurrer and dismissed the action; and on this judgment the plaintiff assigns error.

The Code, § 106-301, distinctly provides that it shall be *unlawful* for persons to transact business in this State under a tradename, unless they shall file in the office of the clerk of the superior court in each county where they maintain an office or place of business, an affidavit signed by said persons setting forth the names and addresses of the true owners of the business. It is undisputed that the plaintiffs maintained an office or place of business in Fulton County. The address of the plaintiffs' place of business given on the account sued on is "297 Marietta Street, Atlanta, Georgia." Since the petition as amended showed that the plaintiffs were doing business under a trade-name, had an office or place of business in Fulton County, and had not, at the time of making the contract of sale sued upon, complied with the law as embodied in Code, §§ 106-301 et seq., by filing with the clerk of the court an affidavit setting forth the names and addresses of the true owners of the business, they were doing business in violation of the law at the time the contract of sale was made and therefore are not entitled to recover on the account. The court did not err in sustaining the general demurrer and dismissing the action. *Dunn & McCarthy Inc.* v. *Pinkston,* 179 *Ga.* 31 (2, 3),

33, 34 (175 S. E. 4) ; *Prater* v. *Larabee Flour Mills Co.*, 180 *Ga.* 581 (180 S. E. 235) ; *Constitution Publishing Co.* v. *Lyon*, 52 *Ga. App.* 434 (183 S. E. 653).

The bill of exceptions recites that the "plaintiff insisted before the trial court, and urged him to hold that said act of August 15, 1929, referred to in defendant's demurrer, was unconstitutional," for certain stated reasons. The case was appealed to the Supreme Court, and that court, in transmitting it to the Court of Appeals, said: "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge;" and that the method employed by the plaintiff in attempting to raise the constitutional question, as disclosed by the record, "does not suffice to present a constitutional question in the manner prescribed by law." See *West* v. *Frick Co.*, 183 *Ga.* 182 (187 S. E. 868).

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel for the plaintiffs allege in their motion for a rehearing that this court in rendering its judgment must have overlooked the act of the General Assembly (Ga. L. 1937, p. 804), approved March 29, 1937, which repealed the "trade-name" act approved August 15, 1929, and provided that the failure of any person, persons, or partnership to file the affidavit required by the "trade-name" act would not invalidate any contract, whether the contract was made before or after the approval of said act of 1937. The "trade-name" act was of full force and effect on February 3, 1936, when the trial court sustained the general demurrer to the petition. This court, on April 7, 1937, in affirming that judgment, did not overlook the act of 1937, but construed it as not operating so retroactively as to give to the plaintiffs rights which they did not have on February 3, 1936, when their petition was dismissed on general demurrer. If the act were construed as contended for by the plaintiffs, it would destroy vested rights and be retroactive and unconstitutional. "An act of the General Assembly which creates a new obligation and imposes a new duty in respect to transactions or considerations already past is retroactive in character, and in violation of art. 1, sec. 3, par. 2, of the constitution [Code, § 2-302], which forbids the General Assembly

to pass a retroactive law." *Ross* v. *Lettice,* 134 *Ga.* 866 (68 S. E. 734, 137 Am. St. R. 281) ; *Gunn* v. Barry, 82 U. S. 610 (21 L. ed. 212). Of course this court is without authority to hold that an act of the General Assembly is unconstitutional, and we do not so hold in this case. On the contrary, we are endeavoring by our construction of the act to make it valid and constitutional. The cases cited in the motion for rehearing are differentiated by their facts from this case.

*Rehearing denied. MacIntyre and Guerry, JJ., concur.*