## 26195.   HUDGENS v. DOUGLAS.

DECIDED OCTOBER 8, 1937.   REHEARING DENIED DECEMBER 16, 1937.

*Noah J. Stone, John L. Cone, John F. Echols,* for plaintiff.

*E. L. Douglas,* for defendant.

MacIntyre, J.  Hudgens brought suit against Douglas, seeking to recover actual and punitive damages on account of certain alleged trespasses committed by the defendant on the premises leased by him to plaintiff, resulting in actual injury to plaintiff's business and the loss thereof.  It was claimed by defendant that plaintiff conducted a business on the demised premises under a trade-name, and that he had not registered it in compliance with the act of 1929 (Ga. L. 1929, p. 233).  Code, § 106-301 et seq. It appeared that the lease between the parties was executed by the defendant as lessor, and the individual name of the plaintiff and a partner as lessees, and not in a trade-name.  The claim of the plaintiff for damages grew out of certain acts of the defendant seeking to evict the plaintiff from the rented premises, such as cutting the electric wiring.  It does not appear that the trade-name used by plaintiff had any direct connection with the alleged trespass sued for, other than that plaintiff conducted at this location, under a trade-name, a business in the operation of which he used electric motors; that the business was formerly carried on by plaintiff and a partner in their individual names, and that this partner had retired from the firm, and the plaintiff then conducted business under a trade-name in the building. The court denied a motion by plaintiff to overrule defendant's plea in bar, setting up the fact that plaintiff had not registered his trade-name pursuant to said act of 1929, to which ruling the plaintiff excepted pendente lite.  Upon the trial, the only evidence being as to the use of such trade-name by plaintiff, the court directed the jury to find in favor of the defendant "on the plea in bar relative to the trade-name," and judgment was entered in favor of the defendant.  The plaintiff moved for a new trial on the general grounds, and to the overruling of his motion the plaintiff excepted.  As stated by counsel for the plaintiff, the question for determination is:  "Was it error to overrule the motion to dismiss the plea in bar, based upon the failure to register a trade-name as required by law, where plaintiff's cause of action is ex delicto and where the suit was based upon an affirmative tortious act?"

Under the view we take of this case, no ruling regarding plaintiff's right to recover of the defendant, other than as might be affected by his failure to register his trade-name in compliance with the above act of 1929, is made.

In the decision of the Supreme Court in *Maxwell* v. *Pierce,* 183 *Ga.* 856 (189 S. E. 847), it was said that "the statute prohibits any persons or partnership, operating under an unregistered trade-name, from carrying on a 'business' in this State. A business so conducted is not malum in se. Since the statute imposes a hitherto unrecognized restriction upon the right to contract, its terms will be strictly construed. The evident purpose of the law is to enable persons making contracts with those trading under a fictitious trade-name to know with whom they are dealing." The lease was made to the plaintiff and his partner in their individual names as party of the second part. The facts of this case do not show any action based upon or concerning a contract made in the trade-name of the plaintiff. The lease was made in his individual name. Therefore the failure of the plaintiff to register his trade-name, in compliance with the above act and Code provisions, although plaintiff ran a business on the premises rented from defendant under a trade-name, would not alone prevent the plaintiff from bringing a tort suit against the defendant for damages growing out of certain alleged acts of trespass committed by defendant, if he was otherwise entitled to bring such a suit; nor would such failure entitle defendant to declare the lease forfeited, and to evict plaintiff for that reason alone. The failure to register had no causal relation to the injury. The occurrence was no more likely to happen because the plaintiff failed to register. It was not a necessary or even probable result of the violation of the law in failing to register. That failure to register was not a contributing cause to the injury in this case, if we accept the allegations of the petition as true. *Central of Georgia Railway Co.* v. *Moore,* 149 *Ga.* 581 (101 S. E. 668) ; *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511 (71 S. E. 728, 36 L. R. A. 547, Ann. Cas. 1912C, 394). Such decisions as *Constitution Publishing Co.* v. *Lyon,* 52 *Ga. App.* 434 (183 S. E. 653), *Prater* v. *Larabee Flour Mills Co.,* 180 *Ga.* 581 (180 S. E. 235), *Dunn* v. *Pinkston,* 179 *Ga.* 31 (175 S. E. 4), and similar cases, have no applicability to a case of the

character of the one at bar. It follows that the court erred in sustaining the defendant's plea in bar, setting up the failure of the plaintiff to register his trade-name, in directing the jury to return a verdict in favor of such plea, in entering judgment generally in favor of defendant and against plaintiff, and in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*