HALL v. THE STATE.

Special pleas in bar in a criminal case must be in writing and filed on arraignment before pleading to the merits. It therefore follows that there was no error in the refusal of the court to allow evidence tending to show a former conviction, while the case was at issue upon the plea of not guilty; nor was there any error, pending the trial of this issue, in refusing to allow the defendant to file a plea of autrefois convict.

Argued February 7, — Decided February 28, 1898.

Indictment for selling liquor. Before Judge Proffitt. City court of Elberton. November term, 1897.

*J. P. Shannon, S. L. Olive, Z. B. Rogers* and *T. L. Adams,* for plaintiff in error.

*H. J. Brewer, solicitor,* by *G. W. Stevens,* contra.

Lewis, J.   T. B. Hall by special presentment was charged
with the unlawful sale of spirituous liquors in Elbert county
on December 25, 1895.   He was tried in the city court of Elber-
ton, and found guilty.   The only evidence in the case was the
testimony of one witness who swore positively that he had
bought of the accused a quart of whisky for forty cents, at the
house of the accused in Elbert county, some time during the
month of December, 1895.   Upon arraignment the accused
pleaded not guilty.   During the cross-examination by counsel
for the accused of the State's witness pending the trial of the
case upon the plea of not guilty, it was offered by said counsel
to prove by the witness that the offense for which the accused
was then on trial was the same to which he had previously
pleaded guilty in the city court of Elberton.   Upon objection
by State's counsel, the court refused to admit this testimony.
Counsel for accused then offered to file a plea of former con-
viction, which, upon objection by State's counsel, was likewise
refused by the court.   After conviction a motion for a new
trial, alleging the above rulings of the court as error, was made,
which motion was overruled, and the accused excepted.

The plea of former conviction is a plea in bar.   Section 950
of the Penal Code provides as follows:   "If the prisoner, upon
being arraigned, shall demur to the indictment, or plead to the
jurisdiction of the court, or in abatement, or any special plea
in bar, the demurrer or plea shall be made in writing; and if
such demurrer or plea shall be decided against the prisoner,
he may, nevertheless, plead and rely on the general issue of
"not guilty."   This statute obviously contemplates that the
plea insisted upon this case should have been filed in writing
upon arraignment, and before pleading to the merits.   In the
case of *Hill* v. *State*, 41 *Ga.* 484, it was held:   "Under the
code of this State, all exceptions to the indictment, or for mat-
ters that may arise by special demurrer, or by plea in abate-
ment or in bar, must be made in writing preliminary to the
trial, and if not made at the proper time, are to be held as
waived in contemplation of law."   It was insisted by counsel
for plaintiff in error that the failure to file this plea in time
was through the inadvertence of the attorneys for the accused,

and as it involved an important legal right of their client, under the circumstances the court should have permitted the plea to have been entered at the time it was offered, and should have submitted evidence thereon to the jury. The statute and the construction given it by this court is imperative; and if any substantial rights of the plaintiff in error have been lost in consequence of any omission of his attorneys, his remedy, if any, will have to be found in an appeal to some other branch of the government than the judiciary whose duty it is to expound and enforce the law.

*Judgment affirmed. All the Justices concurring.*