## 28824. CLEMMONS v. THE STATE.

GUNTER, Justice.

This is an appeal from a conviction for rape. The appellant was indicted under our recidivist statute, Code Ann. § 27-2511. The first count of the indictment charged the appellant with having committed the crime of rape on February 13, 1973. Counts 2 through 6 of the indictment charged appellant with prior felony convictions.

This case was tried in the trial court in October of 1973, prior to this court's decision in *Black v. Caldwell*, 231 Ga. 589 (203 SE2d 208) (1974), which held: "We hold that the two-step felony procedure was devised and enacted by the Georgia General Assembly for the express purpose of prohibiting disclosure of prior convictions to the jury during the first phase of the trial. We conclude that the legislature intended that any prior convictions be disclosed to the jury only at the second or sentencing phase of the trial. We also hold that since July 1, 1970, making such a disclosure, without a waiver, during the first phase of the trial is reversible error."

In this case the trial judge permitted the indictment showing prior convictions for felonies in counts two through six of the indictment to go out with the jury during the first phase of the trial when the jury was deliberating only upon the guilt or innocence of the appellant. This was prejudicial to the appellant, and the judgment below must be reversed.

Since this case may be tried again we deem it appropriate to point out that our general recidivist

statute, Code Ann. § 27-2511 as amended by Ga. L. 1974, p. 352, is not applicable in capital cases. It is applicable only in felony cases that are not capital because it requires that the recidivist "shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted."

If a capital crime is charged in an indictment, prior convictions should not be included in the indictment because Code Ann. § 27-2511, both before and after the 1974 amendment, is not applicable to capital crimes. Upon remand of this case to the trial court the proper procedure would be for the court to strike counts two through six of the present indictment or re-indictment on only count one of the present indictment.

We also deem it appropriate to discuss one other alleged error in this case. The appellant has taken the position that Code Ann. § 26-2001 which provides: "No conviction shall be had for rape on the unsupported testimony of the female," means that the identity of the alleged perpetrator of the crime must be corroborated by evidence that is in addition to identification made by the victim. This court has consistently held that only the fact of commission of the crime of rape must be corroborated by other evidence and that corroborating identification evidence is not necessary. Appellant relies on *Hamilton v. State,* 169 Ga. 826 (151 SE 805) (1929), in support of his position. Any implication contained in that case that corroborating identification evidence is necessary, as distinguished from corroborating evidence that the crime has occurred, is expressly disapproved and will not be followed.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 13, 1974 — DECIDED OCTOBER 9, 1974 — REHEARING DENIED NOVEMBER 18, 1974.

*Terrance Patrick Leiden,* for appellant.
*Richard E. Allen, District Attorney, Richard L. Powell, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Deputy Assistant*

*Attorney General,* for appellee.

ON MOTION FOR REHEARING.

PER CURIAM.

Our original opinion holds that our general recidivist statute, Code Ann. § 27-2511 as amended by Ga. L. 1974, p. 352, is not applicable in capital cases. On motion for rehearing the state has pointed out that this is a departure from the rulings of this court in *Coleman v. State,* 215 Ga. 865 (114 SE2d 2) (1960), and *Winston v. State,* 186 Ga. 573 (198 SE 667, 118 ALR 719) (1938).

We think that Georgia's 1973 death-penalty statute rendered the rulings in these two prior cases on this subject inapplicable to capital crimes committed after its effective date. Code Ann. § 27-2534.1 says in part: "(b) In all cases of other offenses for which the death penalty may be authorized, the judge shall consider, or he shall include in his instructions to the jury for it to consider, any mitigating circumstances or aggravating circumstances otherwise authorized by law and any of the following statutory aggravating circumstances which may be supported by the evidence: (1) the offense of murder, rape, armed robbery, or kidnapping was committed by a person with a prior record of conviction for a capital felony, or the offense of murder was committed by a person who has a substantial history of serious assaultive criminal convictions."

We conclude that if a capital crime occurred after the effective date of the 1973 death-penalty statute, the accused should not be indicted under our general recidivist statute, Code Ann. § 27-2511 as amended by Ga. L. 1974, p. 352.

However, in this case the appellant was indicted for an alleged crime that occurred prior to the effective date of the 1973 death-penalty statute. In this case the death penalty cannot be imposed. Therefore, the indictment in this case, based on this court's rulings in *Winston* and *Coleman,* was proper. But such an indictment would not be proper if the crime had occurred subsequent to the effective date of the 1973 death-penalty statute.

Our original opinion is accordingly amended to the extent stated herein, and the other ground of the motion

for rehearing is denied.

*Rehearing denied. All the Justices concur.*