31342. FORE v. THE STATE.

UNDERCOFLER, Presiding Justice.

This appeal is from convictions on two counts of armed robbery and one count of robbery by intimidation. The crimes were committed on separate occasions against different victims. *Held:*,

1. There was no error in denying certain portions of appellant's motion for discovery. There is no showing as to how his case was materially prejudiced thereby. *Chenault v. State,* 234 Ga. 216, 221 (215 SE2d 223) (1975). The trial court appears to have made an in camera inspection of the state's file because it ordered the state to produce any oral or written statements of the appellant and noted that certain requested information was not in the file.

2. Appellant's motion, before arraignment, that the indictments be quashed and that he be allowed a preliminary hearing was properly denied. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976).

3. There was no error in denying appellant's special

demurrer to the indictment for robbery by intimidation as a recidivist. "Under our two-step procedure one must be indicted as a recidivist in order to impose recidivist punishment, but the recidivism of the accused must not be disclosed during the first phase of the trial and may only be disclosed after conviction at the second phase of the trial." *Riggins v. Stynchcombe,* 231 Ga. 589, 593 (203 SE2d 208) (1974); *Cofer v. Hopper,* 233 Ga. 155, 156 (210 SE2d 678) (1974). *Clemmons v. State,* 233 Ga. 187 (210 SE2d 657) (1974) regarding capital felonies is inapposite. Robbery by intimidation is not a capital felony.

4. Two accomplices testified against the appellant. One corroborates the other. *Hackney v. State,* 233 Ga. 416, 419 (7) (211 SE2d 714) (1975). Corroboration need not be as to every "material particular." *Daniels v. State,* 234 Ga. 523 (216 SE2d 819) (1975).

5. We find no error in the trial court's charges on corroboration and the state's burden of proof.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, Hill, J., who concurs specially, and Gunter, J., who dissents.*

SUBMITTED JULY 16, 1976 — DECIDED
SEPTEMBER 8, 1976.

*Tom Cain,* for appellant.

*Bryant Huff, District Attorney, Dawson Jackson, Assistant District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Staff Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

I am able to concur in the judgment of the court for the reason that the defendant has failed to show how he was harmed in any way by denial of a preliminary hearing. See *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976) (Hill, Justice, dissenting).