## 32204. HOLT v. THE STATE.

Hill, Justice.

The defendant was convicted by a jury of kidnapping, armed robbery and motor vehicle theft. The jury was authorized to find that the defendant put a knife to the throat of a cab driver and forced him to drive to a wooded area where the driver was ordered out of the car. The defendant took money from the driver at gunpoint, tied him to a tree and took the cab. The defendant contends that under the facts of this case motor vehicle theft was a lesser included offense under the charge of armed robbery and that under Code Ann. § 26-506 (a) or *Painter v. State,* 237 Ga. 30, 34 (226 SE2d 578) (1976), he cannot be convicted of motor vehicle theft.

No consideration of a question involving a lesser included crime can begin without a threshold inquiry: lesser included as a matter of *law,* or lesser included as a matter of *fact?* See *State v. Estevez,* 232 Ga. 316, 319-320 (206 SE2d 475) (1974). Motor vehicle theft, Code Ann. § 26-1813, is not included under armed robbery, Code Ann. § 26-1902, as a matter of law. Thus the question here is whether motor vehicle theft is a lesser included offense under armed robbery as a matter of fact in this case.

A person who takes a motor vehicle belonging to another from that person by use of an offensive weapon would be guilty of both armed robbery and motor vehicle theft but could be punished for only one crime. Code Ann. § 26-506 (a). In *Painter v. State,* supra, the defendants took the victim's car keys at gunpoint and one defendant fled in the victim's car with $6,000 cash in the trunk. In that case the evidence of the taking (of the money as well as the vehicle) was the same.

In the case before us, however, the defendant committed armed robbery when he took the victim's money at gunpoint and he later committed motor vehicle theft when he drove off in the cab. The evidence establishing the commission of the one crime is not the same as the evidence which established commission of the other crime. The motor vehicle theft is not lesser included as a matter of fact.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1977 — DECIDED SEPTEMBER 8, 1977.

*Harris, McCracken, Pickett & Jackson, William R. McCracken,* for appellant.

*Richard E. Allen, District Attorney, John L. Mixon, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.