## 55102. THORNTON v. THE STATE.

SUBMITTED JANUARY 4, 1978 — DECIDED JANUARY 24, 1978.

*William S. Cain,* for appellant.

*E. Mullins Whisnant, District Attorney, Richard C. Hagler, William J. Smith, Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge.

1. The defendant points out that under *Clemmons v. State,* 233 Ga. 187 (210 SE2d 657), it was held error to

allow counts of the indictment alleging former convictions for the purpose of obtaining a maximum sentence to go out to the jury on a trial for rape, a capital felony not included in sentencing multiple offenders under Code § 27-2511. He then contends that it was error to submit these counts to the jury together since "he must be sentenced under the general recidivist statute for each and every count in the indictment or not be sentenced under the statute at all." The defendant failed to complain when the defendant was indicted under Count 1 under the recidivist statute, although the count is obviously defective in that kidnapping with bodily injury is a capital felony not subject to this statute. He has also failed to raise any question either in the trial court or this court as to the propriety of letting the jury become aware of prior convictions during the guilt phase of the trial, and has thus waived any objection based on that ground. Where capital felonies and noncapital felonies are included in separate counts of an indictment, the fact that Code § 27-2511 is not applicable to the capital felony count in no way affects its applicability to the remaining counts.

2. The crimes of aggravated assault or rape and kidnapping do not necessarily merge as a matter of law, although they may do so as a matter of fact. *Thomas v. State,* 237 Ga. 690, 694 (229 SE2d 458). Where the same conduct of the accused establishes the commission of more than one crime, he may be prosecuted for each. *Jarrell v. State,* 234 Ga. 410, 413 (216 SE2d 258). Where, however, the aggravated assault conviction is as a matter of fact included in the kidnapping with bodily injury count, the former conviction and sentence will be vacated because there exists a merger of offenses as a matter of fact under Code § 26-506. *Williams v. State,* 238 Ga. 244 (7) (232 SE2d 238). But evidence of the assault, if it is the same evidence as that establishing bodily injury under the kidnapping charge, cannot be used to make out both crimes. *Allen v. State,* 233 Ga. 200, 203 (210 SE2d 680).

In the present case the aggravated sodomy count was a completed crime when the defendant forced the victim to commit this act against her will. The attempt at rape occurred shortly thereafter and constituted the bodily injury on which the increased sentence in the kidnapping

count is founded. The kidnapping and sodomy counts may therefore stand. The trial court is directed to vacate the conviction and sentence for aggravated assault.

*Judgment affirmed in part and reversed in part. Smith and Banke, JJ., concur.*