for appellant.
*Perry O. Lemmons,* for appellees.

## 55042. GRAY v. THE STATE.

SMITH, Judge.

After a jury trial the appellant was found guilty on twelve separate counts involving illegal possession of drugs. We find merit in his contention that he was not afforded a hearing on his motion to suppress certain evidence, and for that reason the judgment must be reversed and a new trial granted.

1. During the course of this prosecution, the appellant had been represented by three attorneys. The first attorney filed a motion to suppress which the state contends was abandoned. Immediately prior to trial, the second attorney filed a renewed motion, alleging the original grounds plus a new one, and the trial court refused to grant a hearing on it. The third attorney is handling the appeal.

The record fails to reflect that there was a hearing on the first motion to suppress, and the record contains no support whatsoever for the state's contention that the first motion was abandoned. As to the second motion, the transcript reveals an outright denial of a hearing. Section 13 of the Searches and Seizures Act of 1966 (Ga. L. 1966, pp. 567, 571; Code Ann. § 27-313) provides that, after a motion to suppress had been filed, "[t]he trial judge *shall* receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion . . ." (Emphasis supplied.) Failure to hold this mandatory hearing was error, and the error was preserved by the appellant's objection to admission of the evidence sought to be suppressed. Therefore, we must reverse, granting the appellant a new trial to be preceded by a proper hearing on his motion to suppress.

2. The remaining enumerations of error are addressed to rulings at the trial and to portions of the charge. Many of the rulings objected to will not occur on retrial and need not be reviewed here; objections to the

other rulings are without merit. The only meritorious enumeration dealing with the charge contends that part of the charge was burden-shifting. The state concedes the charge was error, but argues that the error was harmless. Since the state concedes error, we assume that the charge will not be requested or delivered upon retrial.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED JANUARY 4, 1978 — DECIDED MARCH 14, 1978.

*J. M. Grubbs, David S. Marotte,* for appellant.
*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney,* for appellee.