## 56044. WALKER v. THE STATE.

McMurray, Judge.

This case involves an alleged crime spree occurring on April 10, 1977. The defendant Willie James Walker was indicted on three counts for the offenses of (1) burglary and (2, 3) motor vehicle theft (one 1973 Chevrolet panel truck and one 1975 Chevrolet Monte Carlo). The defendant was convicted on all three counts. As to Count 1 he was sentenced to serve a term of 20 years; as to Count 2, 7 years consecutive to Count 1; and as to Count 3, 7 years consecutive to Count 2; providing further that Counts 2 and 3 were to be served on probation following service of the sentence as to Count 1 in the penitentiary. A motion for new trial, as later amended, was filed and, after a hearing, denied. Defendant appeals. *Held:*

1. Defendant's first enumeration of error contends the trial court erred in permitting two witnesses to testify "concerning certain confessions allegedly made to them by the Defendant since at the time such statements were supposedly made, the Defendant could not have knowingly and intelligently waived his right to remain silent, his right to have an attorney and have an attorney

present with him while being questioned, and his right to have an attorney appointed for him if he could not afford one." Two separate Jackson v. Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearings were held during the trial to determine the voluntariness and admissibility of statements made by the defendant to a deputy sheriff and a justice of the peace. The statements were allegedly made on two separate occasions. The evidence heard on these separate hearings was sufficient to authorize the trial court to determine that the defendant was advised of his rights, that he was not placed under any duress, that he seemed to understand his rights, that he was not under influence of drugs or alcohol and that he seemed completely aware of what was going on around him. A prima facie showing of voluntariness was made, and the trial court did not err in permitting these witnesses to thereafter testify as to the alleged admissions or incriminating statements for the jury's consideration. See *Moore v. State,* 221 Ga. 636 (3) (146 SE2d 895); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629).

2. In considering the above evidence it was a question for the trial court to determine as to whether or not the defendant was under the influence of intoxicants and/or recovering from the shock of being involved in a serious automobile incident which would prevent the witness from testifying as to the so-called alleged admissions or incriminating statements by the defendant. There is no merit in this complaint.

3. The trial court did not err in allowing in evidence certain monies found in the glove compartment of the vehicle allegedly stolen from the used car lot (the 1975 Monte Carlo). The direct and circumstantial evidence was sufficient to connect this money up to the alleged burglary charged in Count 1, and it was proper for the jury to consider this evidence. See *Norwood v. State,* 238 Ga. 199 (2) (232 SE2d 70).

4. On appeal from findings of guilt, the presumption of innocence no longer prevails since the fact finders (the jury) have determined the credibility of witnesses, and have been convinced beyond a reasonable doubt, and this court must review the evidence only to determine if there

is any evidence sufficient to authorize the conviction. *Clenney v. State,* 229 Ga. 561 (2) (192 SE2d 907); *Geter v. State,* 219 Ga. 125, 133 (132 SE2d 30); *Hogan v. State,* 221 Ga. 9 (2), 12 (142 SE2d 778); *Ridley v. State,* 236 Ga. 147, 149 (1) (223 SE2d 131).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED JULY 3, 1978 —

*Adams, Barfield & Dunaway, J. Edward Trice, Jr.,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.