58505. MILLER v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for burglary and rape.

1. Defendant first claims that the court erred in charging the jury on reasonable doubt by failing to mention doubt that might arise from consideration of defendant's testimony alone. After instructing on the presumption of innocence and the state's burden of proving guilt beyond reasonable doubt, the court defined

reasonable doubt to include such doubt as would remain "after considering all the evidence in the case." Such a statement is sufficient to include evidentiary conflicts. *White v. State,* 129 Ga. App. 353 (199 SE2d 624).

2. The second and third claimed errors are that the court did not give any charge as pertains to the testimony of the defendant or to his pretrial admissions. There were no requests to charge on these matters. Where there is no request to charge concerning the weight and credit to be given defendant's testimony or his pretrial admissions, there is no error if such charges are omitted. *Adams v. State,* 138 Ga. App. 242, 244 (225 SE2d 699); *Scudiere v. State,* 130 Ga. App. 477, 478 (203 SE2d 581).

3. The final claimed error is that the charge, as a whole, failed adequately to inform the jury how they should weigh defendant's testimony. In addition to no request being made for such a charge, defendant is unable to cite any authority for such a requirement. "[W]e know of no authority for holding it is error for the trial judge to fail to instruct the jury as to what weight is to be given the defendant's testimony, because it should be given the same weight and credit as any other witness." *Jester v. State,* 131 Ga. App. 269, 270 (205 SE2d 444). We find the charge as a whole fully and fairly covered the issues to be resolved by the jury. *Oliver v. State,* 239 Ga. 571 (238 SE2d 346).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1979 — DECIDED OCTOBER 11, 1979.

*Robert J. Evans,* for appellant.

*F. Larry Salmon, District Attorney, Timothy Pape, Stephen F. Lanier, Assistant District Attorneys,* for appellee.