## 59364. DOUCET v. THE STATE.

SHULMAN, Judge.

Defendant was arrested and charged with the offenses of robbery and motor vehicle theft. From a conviction on both counts, defendant brings this appeal. We affirm.

1. Defendant complains of the admission of a self-incriminating statement into evidence, contending that such statement was inadmissible as the product of a promise of leniency and inadmissible on the grounds that he was intoxicated when he made the statement.

A Jackson v. Denno (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was held to determine the voluntariness and admissibility of the statement. The evidence heard was sufficient to authorize the trial court to determine that "the defendant was advised of his rights, that he was not placed under any duress, that he seemed to understand his rights, that he was not under influence of drugs or alcohol and that he seemed completely aware of what was going on around him. A prima facie showing of voluntariness was made, and the trial court did not err in permitting [testimony] as to the

alleged . . . incriminating [statement] for the jury's consideration. [Cits.]" *Walker v. State,* 146 Ga. App. 555, 556 (246 SE2d 737).

A. Further, each officer testified that he had not made any statement to defendant from which defendant could find any hope of benefit. The trial court's determination that defendant's statement was not induced by hope of benefit is not, therefore, clearly erroneous. *Amadeo v. State,* 243 Ga. 627 (1) (255 SE2d 718).

That contradictory evidence was presented by the defense does not require a reversal of the trial court's determination of voluntariness. *Meyer v. State,* 150 Ga. App. 613 (258 SE2d 217); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629).

B. Even assuming that his statement was not induced by hope of benefit, defendant contends that since he was intoxicated at the time of his arrest, he could not have intelligently and voluntarily waived his 5th Amendment rights.

"[I]t was a question for the trial court to determine as to whether or not the defendant was under the influence of intoxicants . . . which would prevent the witness from testifying as to the so-called alleged admissions or incriminating statements by the defendant." *Walker,* supra, p. 556. Since the state presented evidence that defendant was not intoxicated and since the defendant himself testified that he was informed of and understood his Miranda rights, the trial court was authorized to determine that defendant was not so intoxicated as to negate the voluntariness of his statement. Id., Division 2. See also *McFall v. State,* 235 Ga. 105 (1) (218 SE2d 839).

2. In related enumerations of error, defendant submits that the trial court erred in failing to charge the law on lesser included offenses (Code Ann. § 26-505 (a)) and in entering judgment against defendant for the offenses of robbery and motor vehicle theft where the crime of motor vehicle theft was a lesser included offense of the crime of robbery.

Since "[m]otor vehicle theft, Code Ann. § 26-1813, is not included under . . . robbery, Code Ann. § 26-1902, as a matter of law . . . the question here is whether motor

vehicle theft is a lesser included offense under . . . robbery as a matter of fact in this case." *Holt v. State,* 239 Ga. 606, 607 (238 SE2d 399). We conclude that it is not.

Defendant committed robbery when he took the victim's money by force or threat of force in the hotel room. He subsequently committed motor vehicle theft when he drove off in the victim's automobile. "The evidence establishing the commission of the one crime is not the same as the evidence which established commission of the other crime. The motor vehicle theft is not lesser included as a matter of fact." Id.

Under the facts of the instant case, then, since motor vehicle theft was not included in the offense of robbery, the trial court correctly refused to charge Code Ann. § 26-505 (a) and properly entered judgment against defendant on both counts.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED MARCH 7, 1980.

*John P. Neal, III,* for appellant.
*Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.