60239. PRICE v. THE STATE.

BIRDSONG, Judge.

On November 14, 1978, at about 3:30 a.m., the Waffle House on Riverdale Road in Atlanta was robbed by two armed black males, who took the money from the cash register and wallets from all the customers and employees who were present. At approximately 1:30 p.m. the same day, the appellant Paul Reginald Price together with Rudolph Cooper was apprehended in a boutique in West End Mall using credit cards taken during the Waffle House robbery. Both Price and Cooper plead guilty to forgery, telling the police that Cooper had purchased the credit cards. At 9:00 p.m. on the same day, six of the eight victims of the Waffle House robbery viewed a lineup at Atlanta Police Headquarters that included Price and Cooper. Five of the six identified Cooper as one of the perpetrators, but none of them identified Price. Again, at a preliminary hearing on November 16, none of the witnesses identified Price. However, Cooper and Price were jointly indicted and charged with six counts of armed robbery of the Waffle House. Prior to trial Price's attorney filed several motions, including one for severance, all of which were denied. The case was tried for four days before a jury, ending in a verdict of guilty on all counts as to both defendants, and Price appeals. *Held:*

1. Although Price enumerates some 21 errors, we consider the controlling issue to be the overruling of his numerous motions to sever made prior to and during the course of the trial. While the grant or denial of a motion to sever is discretionary with the trial judge, "[s]ome of the considerations for the court in exercising its discretion have emerged from the cases considering motions to sever: 1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights? [Cit.] If the defendant can show the court by some facts that failure to sever will prejudice him under one or more of these considerations, his motion should probably be granted." *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856).

In his written motion to sever filed prior to trial, Price alleged that eight witnesses for the state had identified Cooper as one of the black males who robbed the Waffle House, but that only one of these witnesses had connected him with this crime; that he had reason to

believe the state was planning to use against him witnesses from crimes committed by Cooper but not by him; that he had reason to believe Cooper planned to use and present a defense which he knew was contrary to the truth; that trying him and Cooper together would create confusion of the evidence and law applicable to each individual defendant; that trying them together would create a danger that evidence admissible against Cooper but not admissible against him would be considered against him despite the admonitory precaution of the court; that his and Cooper's defenses were antagonistic to each other; and that failure to sever the trials would prejudice him. The court denied the motion on the ground that there were no antagonistic defenses.

From our review of the trial transcript, however, we conclude that the evidence, while overwhelming against Cooper, presented little or nothing to connect Price with the robbery. Indeed, the only witness identification of Price was admitted over objection and the witness' ability to make the identification did not come to the attention of either the state or defense counsel until the trial was in progress. Moreover, even in the face of renewed motions to sever during the course of the trial, no "admonitory precautions" were ever made to the jury. Of the seven victims, only five testified at trial. Three of them gave no testimony directed at Price and one was allowed to testify, over objection, as to the forgery trial in Fulton County principally involving Cooper. Therefore, of all the victims, only one identified Price with the armed robbery, and objection was made to this evidence.

Four witnesses testified that they saw both perpetrators of the crime, one better than the other, viewed a lineup some 18 hours after the crime which included both Price and Cooper, and selected Cooper but not Price. None of these witnesses identified Price at lineup, preliminary hearing, or trial. The fifth witness saw both perpetrators. She attended the lineup and the preliminary hearing and selected Cooper but not Price as one of the men. Two days after the crime, this witness, the wife of a police officer, was shown some color photographs and either did *not* select a four-year-old picture of Price according to the testimony of one detective, or *did* select Price's picture according to her own testimony. Only this witness was shown these photographs, which were apparently front and side view "mug" shots with "little flaps" of paper stapled over the numbers. Neither the state nor defense counsel was aware of this identification until the detective testified. He stated that he had not mentioned it previously, even though "our investigation proved [her] to be the only witness that may be able to identify the second suspect"; but because "no one made an identification of Paul Price at any lineup," he did not think

that her testimony concerning the photographs would be admissible. Nevertheless, these photographs and testimony of Price's identification by this witness were admitted over objection.

In addition, the state presented 30 odd pieces of documentary evidence, including all of the lineup photographs identifying Cooper, various charge slips and sales tickets unconnected to Price, the stolen credit cards and the forgery indictments. This evidence, like much of the witnesses' testimony, while not directly damaging to Price, could have been so overwhelming to the jury that it could not effectively separate that which was against Cooper and that which was pertinent to Price only as to the armed robbery charges.

Thus, "we believe it highly probable, in view of the minimal evidence against [Price], that he was convicted as the result of some spillover of the substantial evidence adduced against his [co-defendant]. Where evidence against [Price] was so slight, he should not be convicted merely by association, or by being enveloped within a vague, generalized notion. . . Where the appellant's conviction more likely resulted from the evidence against his [co-defendant] than from the evidence against him, we do not hesitate to conclude that he was entitled to a separate trial." *Crawford v. State,* 148 Ga. App. 523, 526 (251 SE2d 602). Accord, *Reeves v. State,* 237 Ga. 1, 4 (226 SE2d 567). Under the rules set forth in *Cain v. State,* supra, at p. 129, Price has made "a clear showing of prejudice and a consequent denial of due process." Therefore, the denial of his motion to sever, renewed many times during the course of the trial, was an abuse of discretion.

2. Because of the ruling we make entitling appellant to a new and separate trial and the likelihood of the non-reoccurrence of other enumerated errors, we find it unnecessary to rule on these remaining enumerations of error.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED SEPTEMBER 24, 1980 —

*Larry A. Foster,* for appellant.

*Robert E. Keller, District Attorney, Harold R. Benefield, Assistant District Attorney,* for appellee.