## 60857. PEABODY v. THE STATE.
## 60862. CRAIG v. THE STATE.

QUILLIAN, Presiding Judge.

These two appeals involve co-defendants who were indicted and convicted for armed robbery. *Held:*

1. In case 60862 the defendant contends the court erred in refusing to grant his motion for severance.

The grant of a motion to sever will be reversed only in the event of an abuse of discretion by the trial judge. The defendant requesting the severance has the burden to make a clear showing of prejudice. *Baker v. State,* 238 Ga. 389, 391 (2) (233 SE2d 347). Without such a showing the mere fact that the defenses of co-defendants are antagonistic is not sufficient in itself to warrant separate trials. *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856).

This enumeration of error is without merit.

2. In both appeals the defendants contend it was error to fail to suppress certain evidence. This involves the question of whether the trial court erred in receiving evidence regarding the motion to suppress during the trial and in the jury's presence.

Code Ann. § 27-313 (b) (Ga. L. 1966, pp. 567, 571) explicitly provides after a motion to suppress has been filed "The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion, and the burden of proving that the search and seizure were lawful shall be on the State." In *Lloyd v. State,* 139 Ga. App. 625 (229 SE2d 106), while positively declining to sanction such procedure, we found no harmful error where counsel *expressly* agreed to the jury hearing a portion of the evidence on a motion to suppress. In this case there was no express agreement by counsel for the defendants that the evidence be heard by the jury prior to ruling on the motion. Hence, the rule set forth in *Gray v. State,* 145 Ga. App. 293 (243 SE2d 687) is applicable: "Failure to hold this mandatory hearing was error, and the error was preserved by the appellant's objection to admission of the evidence sought to be suppressed."

As pointed out in *Evans v. State,* 146 Ga. App. 480, 483 (246 SE2d 482): "The Georgia Supreme Court has repeatedly held that '(i)t is no answer to the violation of a mandatory rule to say that the record does not show any harm to have resulted to the defendants because of this error, since it has been held in numerous cases that, whenever the rights of a party are withheld or violated, the presumption of law is that he has been injured unless the contrary plainly appears. (Cits.)' "

It was error to permit evidence relative to the motion to suppress in the presence of the jury.

*Judgments reversed. Shulman and Carley, JJ., concur.*

Submitted October 7, 1980 — Decided November 21, 1980 — Rehearing denied December 19, 1980 —

*R. Michael Key,* for appellant (Case No. 60857).

*Allison W. Davidson,* for appellant (Case No. 60862).
*William F. Lee, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

1. The state urges, for the first time, that the defendants lack standing to object to the lawfulness of the search of a vehicle. In the recent case of Rakas v. Illinois, 439 U. S. 128 (99 SC 421, 58 LE2d 387) the U. S. Supreme Court held that "Fourth Amendment rights are personal rights which may not be asserted vicariously" and that one must assert either a property or possessory interest in the premises searched or interest in the property seized.

Contrary to the state's argument the defendant Peabody did testify that he was the owner of the vehicle in question. The defendant Craig, however, was apparently only a passenger in the vehicle. Nevertheless, the state did not challenge his standing in the court below nor in fact was any issue raised in this regard until the state filed its motion for rehearing. Furthermore, the evil inherent in conducting the motion to suppress before the jury and hearing evidence with regard thereto is clearly shown here. In order to establish the requisite standing, the defendant in the presence of the jury would have had to assert an interest in the property seized thereby prejudicing himself in the eyes of the jurors.

For the two cogent reasons stated above, we find the movant's argument with regard to lack of standing not meritorious.

2. The state argues that in view of the strong evidence of defendant's guilt any error in hearing evidence on the motion to suppress in the presence of the jury was harmless. Even excluding the items objected to by the motion to suppress, the evidence was sufficient to authorize the defendants' convictions. However, we are not prepared to hold that such findings were demanded. It is therefore not possible to evaluate the effect of the evidence sought to be excluded vis-a-vis what the jury might have found in the absence of such evidence. Hence, we can neither ascertain nor may we presume that no harm accrued. To paraphrase the words of Judge Smith in *Boyd v. State,* 146 Ga. App. 359, 361 (246 SE2d 396), "the way to go on record" in order to require compliance with the provisions of Code Ann. § 27-313 (b) is "to reverse cases" wherein its procedure is not followed.

*Motion for rehearing denied.*