## 61527. HARDWICK v. THE STATE.

</div>

QUILLIAN, Chief Judge.

Tried for burglary, defendant appeals his conviction for the lesser offense of criminal trespass. His sole enumeration is that the trial court erred in denying his motion to dismiss. We find no error.

This case was originally appealed to the Supreme Court on constitutional grounds but was transferred to this court by the Supreme Court without opinion.

After the state had rested its case, defendant made a written and oral motion to dismiss or quash the indictment on the grounds that defendant was not arrested for more than two and a half years after the offense, which prejudiced him in the preparation of his defense because he was unable to recall what he did on the date of the alleged offense and denied him the opportunity to show in juvenile court that he was amenable to rehabilitation since he was 16 years old at the time of the offense and 19 when arrested.

The record and transcript show that the alleged offense was committed on March 30, 1977, that defendant was identified through fingerprints on December 3, 1979, arrested shortly thereafter, indicted on February 3, 1980, and tried on May 19 and 20, 1980, within the statute of limitations, Code Ann. § 26-502 (c). Neither the record nor transcript contain any evidence that defendant was prejudiced in his defense by the delay, or of what his age was, or that he was denied an opportunity to show the juvenile court that he was amenable to rehabilitation.

Absent a showing of actual prejudice a 13-month pre-indictment delay which caused a defendant to be unable to remember where he was or what he was doing on the dates of the alleged offense, has been held to be insufficient to show a denial of due process. *State v. Madden,* 242 Ga. 637 (250 SE2d 484). " '*No actual prejudice* to the conduct of the defense is alleged or proved, and there is no showing that the Government intentionally delayed to gain some tactical advantage over appellees or to harass them. Appellees rely solely on the real possibility of prejudice inherent in any extended delay: *that memories will dim,* witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and therefore to justify the dismissal of the indictment.' United States v. Marion, [404 U. S. 307 (92 SC 455, 30 LE2d 468)]." (Footnote omitted). Id. 638.

Defendant's motion was also not timely filed, thus waiving the right to assert denial thereof as error. "Though the defendant designated these motions as motions to 'quash' the indictment, we treat them as being pleas in abatement or a special plea in bar. Regardless of how these motions are designated, such motions must be made in writing upon the defendant's being arraigned. Code Ann. § 27-1501. Where such motions are not made at the proper time, they are deemed to have been waived. [Cits.]" *Bryant v. State,* 224 Ga. 235 (161 SE2d 312). See also *Welch v. State,* 130 Ga. App. 18 (1) (202 SE2d 223). *Douglas v. State,* 132 Ga. App. 694, 696 (concurring opinion) (209 SE2d 114).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 4, 1981 —
REHEARING DENIED MARCH 31, 1981.

*Larry R. Winters, Jr., David E. Zeigler,* for appellant.
*Andrew J. Ryan III, District Attorney,* for appellee.