## 62332. HASLEM v. THE STATE.

MCMURRAY, Presiding Judge.

This is an appeal from a conviction for rape. The defendant was indicted under the general recidivist statute, Code Ann. § 27-2511 (Ga. L. 1974, pp. 352, 355) for the offenses of rape and burglary. The jury found the defendant not guilty as to the burglary charge. Defendant's motion for new trial, predicated on the insufficiency of the evidence and his motion in arrest of judgment directed to an alleged defect in the indictment due to application of the provisions of Code Ann. § 27-2511 to the offense of rape, were denied. Defendant appeals. *Held:*

1. Defendant contends that the state failed to present evidence which proves the charge of rape in that the state has failed to prove beyond a reasonable doubt that forcible penetration occurred. Defendant argues that the state failed to prove its case by either direct or circumstantial evidence, acknowledging that either would be sufficient. See in this regard *Payne v. State,* 231 Ga. 755 (1) (204 SE2d 128).

The state presented the testimony of the victim who was allowed to testify only after her competency was established before the trial court after the objection of defense counsel as to her mental capacity to accurately testify. See Code §§ 38-1601 and 38-1610. The trial court determined that the victim, who was about 85 years old, was a competent witness.

No issues were raised by the defendant as to the trial court's determination as to the competency of the victim to testify. However, some mention of the victim's age and apparent difficulty comprehending the inquiries put to her on the examination as to her competency has some illustrative value in understanding the ambiguous nature of her testimony. We note that it was clear from the victim's testimony on the competency hearing that she understood the nature of the oath under which she testified and the nature of the charges against the defendant.

At trial, the testimony of the victim as to the circumstances upon which the charges against defendant are predicated is less than clear and explicit, the victim testifying that the defendant "ravished me." In response to an inquiry relating to voluntariness the victim responded, "I couldn't help myself."

The state also presented testimony of defendant's brother, whose competence the defendant had also challenged on the basis that he was mentally retarded. This witness was also examined by the court and determined to be a competent witness, a determination of the trial court which the defendant has not challenged on this appeal. This witness testified that he heard the victim hollering and walked in to see what was the matter with her, and saw that the defendant had the victim's dress up above her navel and he was on her and having sex with her. The witness testified that he told the defendant that he was going to tell on him to the victim's daughter and that after some remarks from the defendant he had left.

Two of the defendant's daughters testified that they had returned home after attending church services to find their mother (the victim) shaking, acting scared and nervous. When asked what was wrong, the victim told her daughters that defendant "had raped her and hurt her in between her legs."

One of the victim's daughters testified that "sometimes her [mother's] mind [would] be bad and sometimes it don't," but she can tell the truth and always knows what's going on but sometimes, "she [the victim] can't tell it all, but she [the victim] knows what's going on." This daughter testified that she carried the victim to a hospital where she was examined by a physician.

The physician testified that he found the victim complaining of soreness and tenderness of her lower abdomen and genitalia. An internal examination revealed the presence of a considerable amount of live male sperm.

The defendant presented an alibi witness. However, this witness' testimony that he was in the company of the defendant until approximately 1:30 p.m. is not necessarily in conflict with the state's evidence as the other witness last saw the defendant a short distance

from the location where the rape occurred and it was somewhat later, about 2:30 or 3:00 p.m. when the victim's children returned home.

We find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at the trial proof of the guilt of the defendant beyond a reasonable doubt of the offense of rape. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528); *Snell v. State,* 246 Ga. 648 (272 SE2d 348).

2. Defendant contends the trial court erred in allowing the defendant to be indicted and convicted under Code Ann. § 27-2511, supra, in that this statute is inapplicable in capital felony cases. See *Clemmons v. State,* 233 Ga. 187 (210 SE2d 657). The question for determination in the case sub judice is whether, for purposes of application of Code Ann. § 27-2511, rape is now a capital felony. "[C]apital felony" has been defined as "merely descriptive of those felonies to which the death penalty is affixed as a punishment under given circumstances to distinguish such felonies from that class in which under no circumstances would death ever be inflicted as a penalty for the violation of the same." *Caesar v. State,* 127 Ga. 710, 712 (57 SE 66). The United States Supreme Court, in Coker v. Georgia, 433 U. S. 584, 593-598 (97 SC 2861, 53 LE2d 982), held that the death penalty can no longer be imposed for rape under the Eighth Amendment to the United States Constitution where the victim is not killed. In *Collins v. State,* 239 Ga. 400, 402 (2) (236 SE2d 759), the Georgia Supreme Court, in construing the above definition of "capital felony," together with the decision in Coker v. Georgia, 433 U. S. 584, supra, concluded that convictions of rape are no longer convictions of capital felonies for appellate jurisdictional purposes. We believe that similar reasoning should be applied in applying the decision in *Clemmons v. State,* 233 Ga. 187, supra, and therefore, conclude that "capital cases," to which Code Ann. § 27-2511 is not applicable, no longer includes the offense of rape. The trial court did not err in allowing Code Ann. § 27-2511, supra, to be applied in the indicting and sentencing of this defendant.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

Decided September 16, 1981 —
Rehearing denied October 30, 1981 —

*Harry J. Fox, Jr.,* for appellant.
*Theron Finlayson, District Attorney,* for appellee.