62308. PARRISH v. THE STATE.
62309. WOOTEN v. THE STATE.
62310. THE STATE v. WOOTEN et al.

POPE, Judge.
John W. Parrish and Jackie Lee Wooten were jointly indicted and convicted of armed robbery and motor vehicle theft. Both defendants were also indicted under the Habitual Offender Act. On appeal both enumerate as error the trial court's denial of their motions for severance. Both also contend that the crime of motor vehicle theft merged with that of armed robbery and that the trial court erred in failing to so find. Additionally, Parrish cites as error the state's failure to provide him a preliminary hearing and the introduction of certain inadmissible and prejudicial evidence by the state. Wooten contends that the evidence was insufficient to support the verdict against him, that the trial court erred in failing to give admonitory and limiting instructions to the jury when evidence was received which related solely to Parrish, and that the trial court made certain instructional errors in its charge to the jury. The state appeals the trial court's dismissal of the recidivist counts of the indictment insofar as they related to the charge of armed robbery.

1. Viewing the evidence in a light most favorable to upholding the verdict, the transcript in this case shows that Parrish and Wooten and two others entered a taxi at a bar in Chattanooga, Tennessee on December 19, 1979 and requested to be driven to Dalton, Georgia. Parrish sat in the front seat and Wooten and the two others sat in the back seat. Upon their arrival in Dalton, someone in the back seat grabbed the taxi driver by the hair and Parrish put a knife to his

throat. The driver was robbed of $77.00 and ordered to sit in the back seat between Wooten and one of the other back-seat passengers; the fourth passenger apparently exited the taxi at this time. Parrish then drove the taxi around Dalton for a short period of time after which the driver was let out in a remote part of town. The taxi was discovered abandoned the next day.

Parrish testified that he was not in Chattanooga on the date in question. He and two alibi witnesses testified that he was at a bar in Dalton when the crimes charged were alleged to have transpired. Wooten, on the other hand, testified that he and Parrish and the two others did indeed enter a taxi in Chattanooga on the date in question and request to be driven to Dalton. However, Wooten testified that he suffers memory lapses as the result of his alcoholism and that he knows nothing of the robbery which was alleged to have occurred.

Whether or not a motion for severance should be granted rests in the sound discretion of the trial court, and his determination of this issue will not be disturbed absent a clear showing of prejudice and a consequent denial of due process. *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). "Some of the considerations for the court in exercising its discretion have emerged from the cases considering motions to sever: 1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights? [Cit.] If the defendant can show the court by some facts that failure to sever will prejudice him under one or more of these considerations, his motion should probably be granted." Id. at 129.

Both Parrish and Wooten contend that their defenses (alibi and non-participation respectively) were antagonistic and that they were each prejudiced by having been tried jointly. However, as noted by our Supreme Court in *Cain,* supra, the mere fact that the co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials; a showing of harm is necessary. In the case at bar each defendant testified at trial. Although their testimony was contradictory, neither was unfairly prejudiced thereby since each had the opportunity to cross examine the other. *Cain,* supra; *Peabody v. State,* 156 Ga. App. 853 (1) (276 SE2d 47) (1980), rev'd. on other grounds, *State v. Peabody,* 247 Ga. 580 (277 SE2d 668) (1981). See *Carroll v. State,* 147 Ga. App. 332 (1) (248 SE2d 702) (1978).

In addition to the foregoing Wooten asserts prejudice resulting from a "spillover" of the "plethora" of evidence admissible against Parrish but not admissible against him. The state presented the

testimony of two Chattanooga taxi drivers in addition to that of the victim. One of these drivers testified that he had driven Parrish from one bar in Chattanooga to another in the middle of the afternoon on the date in question; he did not see Wooten. The other driver testified that on the night preceding the subject robbery he had driven Parrish and others from Chattanooga to Dalton. During the trip Parrish had questioned him as to how much money he normally carried, whether he had ever been robbed, whether he carried a pistol and other similar inquiries, all of which tended to make the driver suspect that a robbery might be afoot. No robbery occurred, however, after this the driver let it be known that he was armed. This driver also testified as to beer which was allegedly stolen by Parrish from a convenience store in Dalton where the driver had stopped. However, this testimony was stricken and the jury instructed to disregard it. Although this driver also testified that he had seen Wooten in a drunken condition in Chattanooga when he picked up Parrish and the others, Wooten did not accompany them to Dalton.

As noted previously, the victim positively identified Wooten as one of the men in the back seat of his taxi at the time he was robbed and his taxi was stolen. Although he could not see who had grabbed his hair, the victim testified that Wooten was awake and alert when he, the victim, was forced to climb into the back seat after having been robbed. He testified that as he was being put out of the taxi, Wooten stated sarcastically, "Have a nice day; take it easy," or words to that effect.

Wooten does not deny his presence in the taxi at the time the crimes were alleged to have taken place. He contends, however, that he was most likely passed out drunk at the time. The jury was obviously not persuaded by this contention. In our view, the evidence presented against Wooten was not so slight that he was convicted merely by his association with Parrish or by being enveloped within a vague, generalized notion that his mere presence in the taxi was tantamount to his having participated in the crimes charged. Although the state submitted more evidence against Parrish than against Wooten, we do not believe it highly probable that Wooten was convicted as the result of a spillover of the greater volume of evidence adduced solely against Parrish. Compare *Price v. State,* 155 Ga. App. 844 (1) (273 SE2d 225) (1980); *Crawford v. State,* 148 Ga. App. 523 (251 SE2d 602) (1978).

2. Defendants contend that the crime of motor vehicle theft was merged into the crime of armed robbery as a matter of fact and as a matter of law. "Motor vehicle theft, Code Ann. § 26-1813, is not included under armed robbery, Code Ann. § 26-1902, as a matter of law. Thus the question here is whether motor vehicle theft is a lesser

included offense under armed robbery as a matter of fact in this case." *Holt v. State,* 239 Ga. 606, 607 (238 SE2d 399) (1977).

The evidence showed that the victim was robbed of $77.00 at knifepoint. He was then required to climb into the back seat and sit between Wooten and another passenger while Parrish drove the taxi around Dalton. After 10 or 15 minutes the victim was put out of the taxi, which was then driven away by defendants. "The evidence establishing the commission of the one crime is not the same as the evidence which established commission of the other crime. The motor vehicle theft is not lesser included as a matter of fact." Id. at 607. See *Doucet v. State,* 153 Ga. App. 775 (2) (266 SE2d 554) (1980).

3. As noted in Division 1 of this opinion, Parrish and others were driven by taxi from Chattanooga to Dalton on the night preceding the date in question. This taxi driver testified that Parrish took a six-pack of beer from a convenience store without paying for it. Counsel for Parrish objected to this testimony and moved for a mistrial. The prosecutor responded that this information was volunteered and not in direct response to the question he had asked. The trial court ruled, "Well, just strike the testimony and I'll tell the Jury to disregard it completely and I'll overrule [Parrish's] motion, and let's get on with something that's important." Following this, the motion for mistrial was renewed. Parrish enumerates as error the trial court's failure to grant a mistrial.

"Where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error." *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121) (1976). There is nothing in the transcript to substantiate Parrish's allegation of prosecutorial misconduct in this matter. Since the objectionable testimony was stricken from the record and the jury instructed not to consider it in their deliberations, the trial court did not abuse its discretion in this matter by refusing to grant a mistrial. *Tye v. State,* 198 Ga. 262 (4) (31 SE2d 471) (1944); *Spinks v. State,* 151 Ga. App. 79 (1) (258 SE2d 743) (1979); *Brown v. State,* 118 Ga. App. 617 (1) (165 SE2d 185) (1968).

4. Parrish also contends that he was denied a preliminary (or commitment) hearing in violation of his constitutional rights. The record shows that the Whitfield County justice of the peace who issued the arrest warrant for Parrish was, at the time the warrant was issued, a deputy sheriff in Whitfield County. See in this regard *Vaughn v. State,* 160 Ga. App. 283. The commitment hearing which had been scheduled in this case was first continued and then delayed until after an indictment had been returned. Parrish asserts

prejudice on the basis that he was denied a commitment hearing because the justice of the peace was neither neutral nor detached as constitutionally required. However, our Supreme Court has held "that a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing. Finally, *in no event* will we overturn a conviction on direct appeal . . . because a commitment hearing was denied [defendant]." (Emphasis supplied.) *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343) (1976). Accordingly, this enumeration has no merit.

5. Wooten contends that the evidence was not sufficient to support the guilty verdict against him. The issue presented by this enumeration is whether or not the evidence showed beyond a reasonable doubt that Wooten had intentionally aided and abetted Parrish in the commission of the crimes charged. See Code Ann. § 26-801.

From the evidence produced at trial the jury was authorized to conclude that the victim picked up Wooten, Parrish and two others in Chattanooga. Parrish sat in the front seat and Wooten and the two others sat in the back. Wooten was fully conscious at this time and entered the taxi unassisted. Beer was consumed during the ride to Dalton. Some undiscernible conversation occurred among the passengers in the back, and Parrish asked questions which made the victim "suspicious." Wooten admitted being awake as the taxi passed the Fort Oglethorpe exit of I-75 on its way to Dalton. When the victim was told to stop the taxi after having arrived in Dalton, one of the back-seat passengers pulled his hair, another exited the taxi and Parrish put a knife to his throat and robbed him. The victim then climbed into the back seat and sat between Wooten and the other remaining passenger. Wooten was fully conscious and awake and remained so while Parrish drove the taxi and threatened the victim. The victim testified that he felt threatened by Wooten, who was seated between him and the right passenger door. Wooten spoke to the victim twice — first, when he took a beer which had been offered to the victim and second, in a sarcastic tone of voice, when the victim was let out of the taxi. As the victim was let out, Wooten himself exited, without assistance and without falling, and voluntarily got back into the taxi, which was then driven off by Parrish.

While his mere presence at the scene of the commission of the crime is not sufficient to convict a criminal defendant of being a party to a crime, " '. . . it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' "

*Jones v. State,* 242 Ga. 893 (1) (252 SE2d 394) (1979). Although evidence as to Wooten's consciousness during the armed robbery was conflicting, he admitted to being awake and alert when the victim was let out of the taxi. Compare *Cochran v. State,* 136 Ga. App. 125 (2) (220 SE2d 477) (1975). Since Wooten's rendition of the events which transpired in the subject taxi was entitled to no more weight or credit than that of any other witness (*Miller v. State,* 151 Ga. App. 718 (3) (261 SE2d 454) (1979)), we conclude that any rational trier of fact could have found that Wooten was a party to, and therefore was guilty of, the crimes charged beyond a reasonable doubt. *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975); *Stevens v. State,* 158 Ga. App. 656 (1) (281 SE2d 629) (1981); Code Ann. § 26-801.

6. Finally, Wooten contends that the trial court erred in failing to give his request to charge relating to persons concerned in the commission of the crime and defining the phrase "aid and abet." However, "[t]he failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal." *Kelly v. State,* 241 Ga. 190 (4) (243 SE2d 857) (1978). The trial court did charge as to persons concerned in the commission of a crime in the language of the statute. See Code Ann. § 26-801. Moreover, the court charged that the mere presence of a person at the scene of the commission of a crime at the time of its perpetration would not, in and of itself, authorize a finding of guilty absent a showing that such person aided or abetted the perpetrator of the crime in the commission of the act or participated in the felonious design. The charge given amply instructed the jury as to the law relating to parties to a crime, and it was not error to fail to charge in the exact language of Wooten's request.

7. The trial court granted defendants' pretrial motion to dismiss those counts of the indictment dealing with the Habitual Offender Act (hereinafter "Act"), Code Ann. § 27-2511. The court concluded that since the Act did not apply in capital cases, it was not applicable to the armed robbery count of the indictment. The trial court correctly noted that since a capital felony (armed robbery) and a non-capital felony (motor vehicle theft) were included in separate counts of the indictment, the fact that Code Ann. § 27-2511 was not applicable to the capital felony count in no way affected its applicability to the non-capital count. *Thornton v. State,* 144 Ga. App. 595 (1) (241 SE2d 478) (1978). Parrish was sentenced to serve 20 years for the armed robbery conviction; Wooten was sentenced to serve 15 years. Both defendants were also sentenced to concurrently serve 7 years for the motor vehicle theft conviction. The state contends on appeal that the dismissal of the recidivist counts of the

indictment in this case was improper.

As a preliminary matter, defendants contend that the state is precluded from bringing this appeal because the trial court's grant of their motion to dismiss the recidivist charges is not one of those instances in which an appeal by the state is authorized by statute. Among the instances in which an appeal by the state is authorized is from an order sustaining a plea in bar, when the defendant has not been put in jeopardy. Code Ann. § 6-1001a (c). In *Burke v. State,* 116 Ga. App. 753 (1) (159 SE2d 176) (1967), this court held that placing a defendant's prior convictions in an indictment pursuant to Code Ann. § 27-2511 did not constitute a separate and distinct "count" of the indictment so as to charge the defendant with an offense. Defendants urge that since the motion in this case did not dismiss a "count" of the indictment, there has been no grant of a plea in bar from which the state can appeal.

" 'Under our two-step procedure one must be indicted as a recidivist in order to impose recidivist punishment, but the recidivism of the accused must not be disclosed during the first phase of the trial and may only be disclosed after conviction at the second phase of the trial.' " *Fore v. State,* 237 Ga. 507, 508 (228 SE2d 885) (1976). "[A] plea in bar is one 'which goes to *bar* the plaintiff's [here, the state's] action; that is, to defeat it absolutely and entirely.' " *Carter v. Solomon,* 54 Ga. App. 517 (1) (188 SE 545) (1936). Such a motion "is filed and ruled on before the person is put in jeopardy." *State v. Benton,* 246 Ga. 132 (269 SE2d 470) (1980). In this case defendants' motion was filed and ruled upon before trial and, as a result of the trial court's ruling, the state was precluded after conviction from establishing defendants' recidivism as it related to the armed robbery count of the indictment. Since the effect of the trial court's grant of defendants' motion to dismiss was to bar the state's recidivist "action" vis-a-vis the armed robbery count, this motion constituted a plea in bar, the grant of which the state may appeal. Compare *State v. Williams,* 246 Ga. 788 (1) (272 SE2d 725) (1980); *State v. Benton,* supra; *State v. O'Neal,* 156 Ga. App. 384 (2) (274 SE2d 575) (1980).

After defendants in this case had been found guilty of the crimes charged in the indictment, the state introduced evidence as to the recidivist charge (insofar as it applied to the motor vehicle theft count only) which showed that each defendant had been convicted of three prior felonies. The same evidence was tendered in aggravation of the armed robbery count. Both defendants received the maximum penalty for motor vehicle theft in effect at the time of their conviction, seven years. Ga. L. 1969, pp. 857, 861 (Code Ann. § 26-1813 (a)). Neither defendant, however, received the maximum

sentence for his conviction of armed robbery, which is life imprisonment. *Stewart v. State,* 239 Ga. 588 (1) (238 SE2d 540) (1977); *Jackson v. State,* 158 Ga. App. 702 (7) (282 SE2d 181) (1981); see Code Ann. § 26-1902.

The Act requires that, except in capital felony cases, a person adjudged to be a recidivist must receive the maximum sentence provided by law. *Hammond v. State,* 139 Ga. App. 820 (2) (229 SE2d 685) (1976). See *Knight v. State,* 243 Ga. 770 (2) (257 SE2d 182) (1979). Although frequently denoted a capital felony, the offense of armed robbery is included under the Act for the purpose of punishment. *Davis v. State,* 159 Ga. App. 356 (4b) (283 SE2d 286) (1981); *Ivory v. State,* 160 Ga. App. 193 (2) (1981). See *Haslem v. State,* 160 Ga. App. 251 (2) (1981). Therefore, the trial court erred in dismissing the recidivist counts of the indictment as they related to the charge of armed robbery. The judgments sentencing defendants for armed robbery are reversed with direction that the trial court re-sentence the defendants in a manner not inconsistent with this opinion.

*Judgments affirmed in Case Nos. 62308 and 62309; judgment reversed with direction in Case No. 62310. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 10, 1981 —
REHEARING DENIED DECEMBER 4, 1981 IN CASE NO. 62310 —

*Robert A Whitlow, Gene Gouge,* for appellant (case no. 62308).
*Thomas M. Finn,* for appellant (case no. 62309).
*Stephen A. Williams, District Attorney, Michael C. Cherof, Assistant District Attorney,* for The State.
*Gene Gouge, Thomas M. Finn,* for appellees (case no. 62310).

ON MOTION FOR REHEARING.

In Division 7 of the foregoing opinion we held that defendants' motion to dismiss a portion of the recidivist charges in the indictment constituted a plea in bar, the grant of which the state was statutorily permitted to appeal. The statute which provides for a plea in bar (Code Ann. § 27-1501) contemplates that such a plea be in writing and filed with the trial court upon arraignment and before pleading to the merits. *Hall v. State,* 103 Ga. 403 (29 SE 915) (1897). Defendants contend that because their motion to dismiss was made orally and after arraignment, said motion could not constitute a plea in bar.

We note that because defendants' motion was neither written nor timely, a denial thereof by the trial court would have been authorized. See *Hardwick v. State,* 158 Ga. App. 154 (279 SE2d 253) (1981). However, we are not persuaded that these deficiencies as to the form of the motion had the effect of altering its substance. Regardless of its designation and timing, the purpose and effect of the subject motion was that of a plea in bar.

*Judgment adhered to.*